BARNET LESBERG, administrator, *vs.* JOSEPH LESBERG.

Suffolk.    March 17, 1927.— June 6, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Res Judicata. Judgment. Equity Pleading and Practice,* Decree; Master: findings, confirmation of report.

A father brought a suit in equity against his son, seeking to have a resulting trust declared in certain land, averring that he had purchased it and had paid the consideration for the conveyance, but that the title had been taken in the name of the son, who had agreed to hold the premises in trust for him and to make a conveyance on his demand. The defendant refused to convey to the plaintiff. A master to whom the suit was referred found that the plaintiff did not and never had intended to purchase the land and did not directly pay the consideration for the conveyance; that the defendant had not agreed to hold the premises in trust for the plaintiff or to make conveyance to him; that the defendant, without knowledge of the plaintiff, for the purchase of the land and for its upkeep had withdrawn money from a savings bank account standing in their names jointly, and that the plaintiff had believed that the defendant was purchasing the property with his, the defendant's, own money. An interlocutory decree was entered confirming the master's report in so far as material to the issues raised by the pleadings, and a final decree was entered dismissing the bill. There was no appeal. *Held,* that the decree was not an estoppel by judgment as to facts found by the master which were irrelevant to the pleadings.

After the dismissal of the suit above described, the plaintiff brought a second suit in equity alleging the facts found by the master and claiming that the defendant held title to the land as constructive trustee for him. The defendant set up the decree in the first suit as *res judicata* barring the second suit. A judge erroneously ruled that the second suit claimed "a resulting trust in the same property based upon different facts from those alleged in the original bill, which were known or should have been known to him at the time of bringing the original bill," and that the matter was *res judicata;* and a final decree was entered dismissing the suit. There was no appeal. The plaintiff died and his administrator then brought against the defendant an action at law in contract or tort claiming the money withdrawn from the bank as wrongfully withdrawn, and for money had and received. The defendant set up the two equity decrees as *res judicata. Held,* that

(1) The fact that the second suit was dismissed upon grounds which were inadequate or mistaken did not affect the force of the final decree, since no appeal was taken from the decree;

(2) The issues presented in the action at law were fundamentally the same as those stated in the second suit, and the decree in that suit was a bar to the action at law;

(3) Judgment was entered for the defendant.

CONTRACT OR TORT with a declaration described in the opinion. Writ in the Municipal Court of the City of Boston dated May 18, 1925.

On removal to the Superior Court, the action was tried before *Qua*, J. Material evidence, proceedings at the trial, and rulings and instructions by the judge are stated in the opinion. By order of the judge, the jury found for the plaintiff in the sum of $1,326.41. The judge reported the action to this court for determination.

*L. Bryant*, for the defendant.

*J. C. Johnston*, (*E. S. Farmer* with him,) for the plaintiff.

PIERCE, J. This is an action of tort or contract to recover the sum of $952.25 which the plaintiff alleges, in his declaration in two counts, was wrongfully withdrawn from the joint account of the plaintiff's intestate and the defendant in the Boston Five Cents Savings Bank. To the second count for money had and received, the plaintiff specified to the defendant's motion that the defendant became indebted to the plaintiff's intestate "in the sum of $600. on the 27th day of December, 1919; . . . in the sum of $250. on the 21st day of February, 1920; . . . [and] in the sum of $102.25 on the 7th day of May, 1921." The answer of the defendant is a general denial and payment; and the further answer in substance that on or about April 12, 1922, the plaintiff's intestate brought a bill in equity against the defendant in the Superior Court in which the issues raised were the same as those in the present action, that a decree was entered dismissing the bill, and that the issues raised in the present action have been adjudicated against the plaintiff; that on or about July 12, 1923, the plaintiff's intestate brought another suit in equity against the defendant in the Superior Court in which the same issues were involved as those in the present action, that a decree was entered dismissing the bill, and that the issues in the present action have been adjudi-

cated against the plaintiff. There was no appeal from either final decree.

It was admitted by both parties that the sums of $600, $250, and $102.25, for which the plaintiff brings the present action, are the same sums of money on which he and his intestate based the claims to establish trusts in the two suits in equity, and that the money with which the intestate claimed he became the purchaser of No. 20 Phillips Street under the first bill of complaint "was the $600 and the other two sums with which the present . . . [action] deals."

It is the contention of the defendant that the judgments in the equity causes establish a conclusive bar to the maintenance of this action, whereas the plaintiff contends that the finding of the master conclusively estops the defendant to deny his indebtedness to the plaintiff's intestate. At the hearing the judge directed a verdict for the plaintiff on the ground that the matters in controversy were *res judicata* in favor of the plaintiff by reason of the pleadings and documents in the first equity suit, and the defendant duly excepted. The jury in accordance with the instructions of the judge brought in a verdict for the plaintiff, and the judge reported the case for determination by the full court.

The bill in equity filed April 12, 1922, stated (1) that on January 1, 1918, the plaintiff became the purchaser of a house numbered 20 Phillips Street, Boston; (2) that he paid the consideration for the conveyance of said premises but that title thereto was taken in the name of the defendant, who was his son; (3) that the defendant agreed to hold said premises in trust for the plaintiff and to make a conveyance on demand; (4) that the plaintiff has repeatedly requested a conveyance to himself of the premises but that the defendant refused to make such a conveyance; and (5) that the defendant has been collecting the rents accruing from said premises and has refused to account for the same though repeatedly requested to do so. The bill sought specifically an injunction against selling or conveying the premises, an accounting between the parties, and that the defendant be declared trustee for the plaintiff of the said premises, and be ordered to convey them to the plaintiff. There was a prayer

for general relief.  The answer denied categorically the aver-
ments of the bill numbered 1, 2, 3, and 4; admitted the col-
lection of rents, asserted ownership, and the purchase of the
property with the defendant's own money.

The cause was referred to a master to hear the parties and
their evidence, and to report his findings to the court with
such facts and questions of law as either party might request.
The master duly reported his findings summarized as fol-
lows: "1. That the plaintiff did not and never intended
to purchase the property numbered 20 Phillips Street,
Boston.  2. That the plaintiff did not directly pay the
consideration for the conveyance of the premises.  3. That
the defendant did not agree to hold the premises in trust for
the plaintiff, and did not agree to make a conveyance to the
plaintiff.  4. That the plaintiff did not request a recon-
veyance of the premises to him.  5. That the plaintiff did
not request the defendant for an accounting for the rents.
6. That on December 27, 1919, the defendant withdrew from
the moneys belonging to the plaintiff on deposit in the Boston
Five Cents Savings Bank in the joint names of the plaintiff
and the defendant, the sum of $600.  7. That the defendant
used said sum of $600 in the purchase of the property
numbered 20 Phillips Street, Boston.  8. That the sum of
$102.25, withdrawn by the defendant, and the loan of $250,
making a total of $352.25, was used by the defendant in
the repair and improvement of the property.  9. That at the
time of the purchase of the property by the defendant the
plaintiff believed that the defendant was purchasing same
with his own money.  10. That at the time of the purchase
of the property the plaintiff did not know that the defendant
purchased the property with money withdrawn by the
defendant from the Boston Five Cents Savings Bank belong-
ing to him, or that the sum of $352.25 was used for the pur-
pose of improving the property  11. That said $600 and
said sum of $352.25, making a total of $952.25, was never
repaid by the defendant to the plaintiff."

After a hearing upon the report the following interlocutory
decree was ordered and entered: "1. That the defendant's
exceptions be overruled"; "2. That the plaintiff's motion

made in open court at the said hearing to amend his bill of complaint, alleging a constructive trust on the facts found by the master, be denied"; and "3. That the master's report in so far as material to the issues raised by the pleadings, be and the same hereby is, confirmed." The interlocutory decree was followed by a final decree dismissing the bill, and no appeal was taken. The bill indisputably was one to establish a resulting trust in the land at 20 Phillips Street, and on the pleadings and the report the only possible result was the final decree that the bill be dismissed. *Phelps* v. *Lowell Institution for Savings,* 214 Mass. 560, 562. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. *Bradley* v. *Borden,* 223 Mass. 575, 586. *Pickard* v. *Clancy,* 225 Mass. 89, 95.

After the refusal to allow the amendment the plaintiff brought a new bill which alleged, in substance, the facts found by the master under the headings in his report numbered 6, 7, 8, 9, 10, and 11, *supra;* with the further allegation that the property acquired with said money so wrongfully withdrawn was impressed with the trust in favor of the plaintiff. Among other prayers of the bill were "1. That the defendant be charged as constructive trustee for the moneys wrongfully withdrawn from said joint account"; and "2. That the said property at 20 Phillips Street be impressed with the trust in favor of the plaintiff and the defendant be held as constructive trustee of said property for the benefit of the plaintiff." The defendant in answer among other defences interposed the decree in the first suit as *res judicata* in this suit. Upon hearing the judge made the following findings and rulings: "The plaintiff in this case brought a former bill, No. 20633 Equity, in which he claimed that there was a resulting trust established in certain real estate standing in the name of his son, the defendant. The master found the facts which indicated that there was no resulting trust, and the former bill was dismissed. The present bill was brought by the plaintiff, and after his death maintained by his administrator, claiming a resulting trust in the same property based upon different facts from those alleged in the original bill, which

were known or should have been known to him at the time of bringing the original bill. I therefore rule that the decree in the original suit dismissing the bill for failure to prove a resulting trust is *res judicata*, and the plaintiff or his administrator cannot in this suit establish a resulting trust, even if on said different facts." No appeal was taken from the final decree dismissing the bill without costs.

This last bill obviously was one to establish a constructive trust and not, as the "findings" mistakenly suppose, one to establish a resulting trust upon facts which "were known or should have been known to him [the plaintiff] at the time of bringing the original bill." While the suits are between the same parties and in some respects are supported by the same evidence, the claim in the first suit necessarily rested upon different issues than did the claim in the second suit. There consequently can be an estoppel by judgment only on the material questions actually litigated and determined in the original suit, and not on what might have been litigated and determined in that suit. *Foye* v. *Patch*, 132 Mass. 105, 110. *Hanzes* v. *Flavio*, 234 Mass. 320, 329. *Myers* v. *International Trust Co.* 263 U. S. 64, 71. The findings of the master itemized under the numerals 6, 7, 8, 9, 10, and 11, *supra*, were not established as facts under the interlocutory decree of confirmation, for the reason that they were not relevant to the issues presented in the original suit, and because that decree, *supra*, purported to confirm the report only in so far as it was material to the issues raised by the pleadings. *Nash* v. *Hunt*, 116 Mass. 237, 249. *E. C. Bowman & Son Co.* v. *Hern*, 239 Mass. 200, 204.

The dismissal of the second suit upon grounds which were inadequate or mistaken does not affect the force of the final decree, from which no appeal was taken. The issues presented in the action at law are fundamentally the same as are stated in the second suit, and the decree in that suit is a bar to the action at law. It results that the verdict must be set aside and judgment entered for the defendant.

*So ordered.*