JOSEPH MELLEN & another *vs.* A. ALLEN BERG, MODERN PARLOR FRAME CORP., intervener.

Suffolk.  March 3, 1942. — June 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Sale,* Transfer of title. *Corporation,* Organization. *Personal Property,* Ownership.

In a suit in equity for specific performance of an agreement by the defendant to sell certain machinery to the plaintiffs, an intervening corporation was held entitled to the machinery as against the plaintiffs where it appeared that the corporation had been formed by the plaintiffs and five others, that the five were to and did contribute cash for

stock therein, that the plaintiffs were to contribute the machinery for stock and were to be employed by the corporation, and that the corporation had acquired possession of the machinery with the plaintiffs' consent and, by arrangement with them, had paid the defendant the purchase price which they had agreed to pay him; the corporation's right to the machinery was not affected by the facts that it had not received a formal bill of sale thereof, that the plaintiffs, through no fault of the corporation, had not received certificates for their stock, and that the corporation, having employed the plaintiffs for several months, had discharged them for cause.

BILL IN EQUITY, filed in the Superior Court on June 24, 1941.

Modern Parlor Frame Corp. was allowed to file an intervening petition seeking to establish its title to certain machinery involved in the suit.

The intervener appealed from a final decree in favor of the plaintiffs, entered by order of *Dowd*, J., upon a master's report.

The case was argued at the bar in March, 1942, before *Field*, C.J., *Donahue*, *Qua*, & *Ronan*, JJ., and after the retirement of *Donahue* & *Cox*, JJ., was submitted on briefs to *Lummus,* *Dolan*, *Wilkins*, & *Spalding*, JJ.

*H. M. Pakulski*, for the intervener.

*M. Michelson*, for the plaintiffs.

LUMMUS, J. The defendant is the assignee under an assignment for the benefit of creditors, dated August 29, 1940, whereby a corporation named Massachusetts Frame Corp. conveyed to him all its assets, including machinery for making furniture frames which was subject to mortgages for $1,700. The plaintiffs Mellen and Card, who are brothers-in-law and were formerly interested in that corporation, seek specific performance of an oral agreement of the defendant, made in September, 1940, to sell them the machinery, subject to the mortgages, for $450, which sum the defendant had received before this bill was brought.

The defendant does not deny the contract nor the receipt of the price, and stands ready to convey the machinery to the plaintiffs or to the intervener, as the court may order. The intervener is a corporation named Modern Parlor Frame Corp., which was formed in September, 1940, to

carry on the same business on the same premises. No party takes the point that an adequate remedy at law exists. *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651.

The facts appear in a master's report which was confirmed. The machinery is installed, ready for use, on the premises now occupied by the intervener. It cannot readily be replaced in the market. Soon after the defendant agreed to sell it to the plaintiffs, one Langbort and four others, with the two plaintiffs, formed a new corporation named Modern Parlor Frame Corp., which is the intervener. The two plaintiffs were to contribute the machinery, subject to the mortgages, at a valuation of $800, and the five other incorporators were to contribute $400 each. Each of the seven was to have one seventh of the stock. The plaintiffs were also to be employed by the corporation, but no definite term of employment was agreed upon. There is no finding that there were to be contracts of employment in writing.

The others contributed their money, and the new corporation took possession of the machinery and used it with the consent of the defendant Berg and the plaintiffs. The plaintiffs were employed by the new corporation until June, 1941. In November, 1940, Berg's attorney came to the place of business of the new corporation, and in the presence of all the stockholders demanded payment from the plaintiffs of the purchase price of $450. The plaintiffs could not pay. Then it was arranged that the new corporation should advance the money for them in four equal instalments. The new corporation paid to Berg three such instalments before June, 1941. The plaintiffs did not get certificates for their stock, but that was because the plaintiff Mellen failed to sign them as president, although Langbort presented them to him and asked him to sign. Mellen promised Langbort on several occasions that he would give the new corporation a bill of sale of the machinery, but he never did so. But the new corporation was at all times in possession of it with the consent of the plaintiffs.

On June 5, 1941, the plaintiffs tendered Berg the amount of the last instalment of the purchase price, and asked for a

bill of sale. Berg refused. The next day Berg accepted payment of that instalment from the new corporation, but gave no bill of sale. When Langbort heard of the attempt of the plaintiffs to get a bill of sale, he undertook to discharge Mellen. When this suit was begun on June 24, 1941, he undertook to discharge Card.

The master found and ruled that "while Mellen and Card breached their agreement with both the intervener and the defendant Berg, . . . the intervener was not entitled to a transfer of said machinery by bill of sale from the defendant Berg." The judge entered a decree declaring the title to the machinery to be in the plaintiffs, ordering the defendant Berg to convey it to them subject to the mortgages, ordering the intervener to surrender it to the plaintiffs, and ordering the intervener to pay costs to the plaintiffs. The intervener appealed.

The equitable title or right of the plaintiffs to the machinery, enforceable by specific performance, passed to the new corporation by delivery as well as because of the intention of the parties under the contract whereby the new corporation was established. G. L. (Ter. Ed.) c. 106, § 20. *Hyland* v. *Hyland*, 278 Mass. 112. *Raldne Realty Corp.* v. *Brooks*, 281 Mass. 233, 237. When the new corporation had paid the purchase price to the defendant Berg, its title became a legal one. *Rowe Vending Machine Co. Inc.* v. *Morris*, 276 Mass. 274, 281. All that it lacked was a formal instrument of transfer, and that was not strictly necessary. The plaintiffs received for their interest in the machinery the stipulated consideration, namely, shares of the capital stock amounting to two sevenths thereof, and not only a contract of employment but also actual employment, given apparently in good faith, that lasted for about nine months and was terminated only after the plaintiffs had sought to deprive the new corporation of the machinery that was essential to its business and that constituted the only contribution of the plaintiffs. The fact that the plaintiffs hold no stock certificates is not the fault of the new corporation nor of the other stockholders, and does not affect the plaintiffs' proportionate stock interest. *Central Mortgage Co.* v. *Buff*,

278 Mass. 233, 237. *Sherburne* v. *Meade*, 303 Mass. 356, 363. The plaintiffs were not promised written contracts of employment, if that is material. If they were to have employment for a reasonable time, or until cause for discharge should occur, they had all that they were promised. *Campion* v. *Boston & Maine Railroad*, 269 Mass. 579. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 132, et seq. *Fenton* v. *Federal Street Building Trust*, 310 Mass. 609, 612. Incidentally the plaintiffs never carried out their agreement to pay for the machinery that they contributed to the new corporation. They show no equity against the new corporation. The defendant Berg claims no right. The final decree is reversed, and a final decree is to be entered in favor of the intervener, with costs.

*Ordered accordingly.*