MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Respondent, *v.* JOHN J. BEUTNER, Appellant.

Supreme Court, Appellate Term, First Department, June 27, 1945.

*Herman Wolen* for appellant.

*Henry W. Parker* and *John J. Dwyer* for respondent.

SHIENTAG, J. The appeal is from an order of the Municipal Court denying the defendant's motion for summary judgment dismissing the complaint on the basis of documentary evidence and matters of official record.

The action is one to recover damages for fraud. The charge is that the defendant in order to induce the plaintiff to make him a loan of $300 made a false statement in writing of his financial condition which the plaintiff relied upon. It is claimed that the defendant set forth an indebtedness consisting of two items of $16 and $80 respectively, whereas, in truth, he actually owed in addition thereto three other items of $65, $34 and $285, the last mentioned being a loan from the General Public Loan Corporation.

After he obtained the loan the defendant went into bankruptcy. He scheduled the plaintiff's claim and the latter filed objections to the bankrupt's discharge, setting up as specifications the alleged falsity of the financial statement as above set forth. After a hearing the referee in bankruptcy decided against the plaintiff and dismissed the objections. The referee ruled specifically that the bankrupt was not guilty of fraud in failing to mention his loan from General Public Loan Corporation, but the opinion of the referee indicates that he was confused about the two other items of indebtedness not set forth, namely, $65 and $34 respectively. Instead of considering them as additional

items of indebtedness which the plaintiff claimed were fraudulently concealed, the referee, according to his opinion, evidently was under the impression that the creditor (the plaintiff here) objected on the ground that the bankrupt (the defendant here) had an aggregate indebtedness of $99, whereas he only set forth a total indebtedness of $96.

Be that as it may, after the referee's opinion was handed down, the creditor asked for a rehearing. This request was not on the ground that the referee had misapprehended the nature of the specifications of objection to the discharge, but solely in order that the creditor might be enabled to offer additional evidence with respect to the fraudulent intent of the bankrupt in failing to mention the loan from the General Public Loan Corporation. Such a rehearing was had and testimony was taken on that point; but the referee adhered to his original determination, overruled the objections and granted the bankrupt his discharge. No appeal was taken from that decision.

Thereafter this action was instituted in the Municipal Court, the basis of the complaint being precisely the same as the specifications of objection to the discharge in bankruptcy. The defendant moved for summary judgment dismissing the complaint on the ground that, having specifically litigated with him in the bankruptcy court, the question of the falsity of the statement on which suit is now brought, the plaintiff is estopped from retrying the same issue in another tribunal. The defendant's motion was denied, erroneously, we believe.

The opposition to the discharge in the bankruptcy proceedings was not the same cause of action as the suit for deceit here (*Friend* v. *Talcott*, 228 U. S. 27). The order granting the discharge was not, therefore, *res judicata* per se so far as the Municipal Court action is concerned. The granting of the discharge in bankruptcy, however, did operate as an estoppel, as between the parties to that proceeding, " ' only as to those matters in issue or points contraverted upon the determination of which the finding or verdict was rendered ' " (*Myers* v. *International Co.*, 263 U. S. 64, 71). In other words, those who took part in the discharge proceedings are bound not by what might have been litigated but by what was actually litigated and determined there (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307). The issue which was litigated in the bankruptcy court was the falsity of the statement made by the bankrupt in order to obtain credit. That issue was decided against the plaintiff and it is now estopped from retrying the issue in another action in which the same question

is directly involved and the same parties are concerned (*Lesberg* v. *Lesberg*, 260 Mass. 216). This estoppel prevails notwithstanding the fact that the determination may have been made in the bankruptcy court upon grounds which were inadequate or mistaken, or because certain contentions were not there made which it is sought to make in the subsequent action, or even because testimony is now available which it was not within the power of the objecting creditor to furnish in the bankruptcy proceedings.

The order should be reversed, with $10 costs, and the motion for summary judgment dismissing the compliant granted.

HAMMER and EDER, JJ., concur.

Order reversed, etc.