JOSEPH MELLEN & another *vs.* MODERN PARLOR FRAME CORPORATION & others.

Suffolk.   February 4, 1947. — May 28, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Res Judicata. Corporation,* Stockholder. *Practice, Civil,* Agreed statement of facts.

A stipulation in a mandamus proceeding that a written statement of facts agreed upon, to which was appended a copy of the record in a previous proceeding to be "used as evidence," should be considered "not as a case stated but in the place of evidence," was not an agree-

ment as to all the material facts but merely an agreement as to what should be introduced as evidence.

In a mandamus proceeding against a corporation and its officers to compel the respondents to permit the petitioner to inspect books and records of the corporation, the petitioner's status as a stockholder of the corporation was res judicata by reason of the decision in a previous suit in equity between him and it involving the title to certain machinery which he had agreed to contribute to it for stock.

PETITION for a writ of mandamus, filed in the Superior Court on February 6, 1945, against Modern Parlor Frame Corporation, Maurice Langbort, and Morris Oriel, the individual respondents being alleged to be officers and directors of the corporate respondent.

The case was heard by *Collins*, J.

*M. Michelson*, for the plaintiffs.

*H. M. Pakulski*, for the defendants.

RONAN, J. This is a petition for a writ of mandamus to compel the respondents to permit the petitioners to inspect the stock book and various other books and records of the corporate respondent. The petitioners excepted to the refusal of the judge to grant certain requests for rulings, and to his order dismissing the petition.

No oral evidence was introduced at the hearing upon the petition, but instead the parties submitted a written statement of facts agreed upon, which they stipulated should be considered "not as a case stated but in the place of evidence," and to which was appended a copy of the record in a previous suit to be "used as evidence." This was not a statement of all the material facts leaving open only the application of the correct principles of law to the facts stated, but the statement was a recital of evidence from which the judge was to find the facts and apply the governing principles of law. The agreement of the parties was not as to the facts but rather as to what should be introduced as evidence. *Frati* v. *Jannini*, 226 Mass. 430. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652.

There is nothing in the record indicating that the decision resulted from any discretionary action of the judge. He denied certain requests of the petitioners for rulings, and as

a consequence dismissed the petition as matter of law.   We inquire whether there was error of law in the denial of these requests; if there was, then the decision must be reversed. *Ransom* v. *Mayor of Boston,* 193 Mass. 537.   *Duffey* v. *School Committee of Hopkinton,* 236 Mass. 5.   *Peckham* v. *Mayor of Fall River,* 253 Mass. 590.   *Shawmut Mills* v. *Assessors of Fall River,* 271 Mass. 358.   *Elmer* v. *Commissioner of Insurance,* 304 Mass. 194.

The principal contention of the petitioners is that there was error in denying their second request for a ruling that they were stockholders, and they say that their status as such was adjudicated in *Mellen* v. *Berg,* 316 Mass. 252.   If the petitioners were not stockholders, then they would have no standing to maintain the petition.   The refusal to grant this request went to the heart of the petitioners' case.   We must examine the record in the previous case, which was a suit in equity to determine the ownership of certain machines, in order to determine whether the status of the present petitioners was necessarily there involved and decided.   It appears from the record in that suit that they were the principal stockholders and had been employed as managers by a corporation which made an assignment to one Berg for the benefit of its creditors in August, 1940; that the petitioners soon thereafter, together with four employees and another, organized the respondent corporation; that each of these latter five persons agreed to contribute and did contribute $400 to the capital for which they were to receive one seventh of the stock; and that the petitioners were each to receive a like share of the stock in exchange for the machinery used by the former corporation, which was difficult to replace and was evaluated (for the purpose of issuing the stock) at $800 as then located and set up in the premises but for which they agreed to pay Berg $450, and in addition they were to be employed by the respondent corporation.   Berg in November, 1940, demanded payment for the machinery, but the petitioners were unable to pay and it was arranged that the corporation should advance the money for them, which it did by paying $450 to Berg. No shares of stock have been issued to the petitioners, and

they have not paid the corporation any part of the $450. The petitioners, upon leaving their employment in June, 1941, brought that bill in equity against Berg alleging that they had made an oral agreement with him to purchase the machinery for $450, which amount had been paid to Berg, and praying that Berg be ordered to perform that agreement. The respondent corporation intervened and filed a petition alleging that shares of "stock issued or to be issued" to the petitioners were to be paid for by them by the transfer to the corporation of the machinery. The ownership of the machinery as between these petitioners and the respondent corporation was the issue presented for decision in that suit. The money paid to Berg came from an advancement or loan made by the corporation to these petitioners, and the legal title acquired from Berg and the equitable title which they had by virtue of their agreement with Berg were transferred to the respondent corporation as their contribution to the capital. If, as they contended in that suit, they had not been paid anything for their contribution, the title to this machinery, which could not be readily purchased in the open market, could upon the payment of the loan be ordered transferred to them. Failure of consideration thus became one of the material issues. *Orebaugh* v. *Badger*, 279 Mass. 54. *Jacobs* v. *Davis*, [1917] 2 K. B. 532. *Hansen* v. *Hall Manuf. Co.* 196 Iowa, 1. *De Mille Co.* v. *Casey,* 121 Misc. (N. Y.) 78. *Ruehling* v. *Hornung*, 98 Pa. Super. Ct., 535. Restatement: Contracts, § 354. It was said in the opinion of this court in that case that the petitioners had each received for their interest in the machinery one seventh of the stock; that they had also received contracts of employment; that they were stockholders although no stock certificates had been issued to them; and that they had "never carried out their agreement to pay for the machinery that they contributed to the new corporation. They show no equity against the new corporation." It was decided that the machinery belonged to the corporation. *Mellen* v. *Berg*, 316 Mass. 252, 256.

The petitioners were precluded from setting aside the transfer of their interests in the machinery on the ground

that they were paid therefor in the capital stock of the corporation. The necessary result of that decision was that they were stockholders, and we think that their status as thus established is binding on the parties in this proceeding. The individual respondents, Langbort and Oriel, were not formal parties to the previous suit; but as that decision fixed their proportionate interests in the corporate assets, they and all other stockholders were bound by that decision. *Hawkins* v. *Glenn*, 131 U. S. 319, 329. *Marin* v. *Augedahl*, 247 U. S. 142, 150. *Andrews* v. *National Foundry & Pipe Works, Ltd.* 76 Fed. 166, 172. *Miller* v. *Ehrlich*, 36 Fed. (2d) 697. *Broderick & Bascom Rope Co.* v. *Manoff*, 41 Fed. (2d) 353. *Salmon* v. *Fitts*, 67 Fed. (2d) 681. *McCleery* v. *McCleery Lumber Co.* 136 Kans. 484. *State* v. *Bowen*, 132 Ohio St. 583. *Alexander* v. *Donohoe*, 143 N. Y. 203. *Horn* v. *Bennett*, 253 App. Div. (N. Y.) 630. *Hochman* v. *Mortgage Finance Corp.* 289 Pa. 260. Freeman, Judgments (5th ed.) § 513. Fletcher, Cyclopedia of Corporations (Rev. ed.) § 4705.

Facts which were necessarily involved in a previous suit, or which were passed upon under appropriate pleadings and entered into the judgment in that suit, must be considered as settled and adjudicated in subsequent litigation in a different cause of action in which such facts are again presented. *Foye* v. *Patch*, 132 Mass. 105, 110, 111. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46. *Lesberg* v. *Lesberg*, 260 Mass. 216, 221. *Sandler* v. *Silk*, 292 Mass. 493, 498. *Abbott* v. *Bean*, 295 Mass. 268, 275. *Bonifazi* v. *Breschi*, 296 Mass. 544, 548. *Whittemore* v. *Selectmen of Falmouth*, 304 Mass. 72, 74. *Hopkins* v. *Holcombe*, 308 Mass. 54, 56. There was error in the denial of the second request. As the exceptions must be sustained, we need not consider the other requests for rulings.

*Exceptions sustained.*