ANGELO BORDONARO, trustee, *vs.* WILLIAM
VANDENKERCKHAVEN.

Suffolk.     November 4, 1947. — January 8, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Waiver. Equity Pleading and Practice*, Counterclaim, Waiver.

In a suit in equity seeking to have the defendant ordered to discharge
an alleged lien on the plaintiff's real estate arising from a conditional
sale of a stoker and seeking damages for breach of the sale contract,
allegations in the defendant's answer that the plaintiff owed him a
balance of the purchase price of the stoker and certain fees and ex-
penses in accordance with the contract constituted a counterclaim.

Dismissal of the bill in a suit in equity without disposing of a counter-
claim left the counterclaim unaffected.

In a suit in equity in which the bill was dismissed without appeal by the
plaintiff following one hearing, and a counterclaim by the defendant
was heard at a subsequent hearing, the defendant, by failing to make
any contention at the later hearing that certain issues had become
res judicata by reason of the previous hearing and decree, waived his
right to prevent a retrial of those issues at the later hearing and was
not entitled to raise the point of res judicata for the first time in this
court on appeal from a decree dismissing the counterclaim.

BILL IN EQUITY, filed in the Superior Court on September
18, 1944.

The defendant appealed from a decree entered by order
of *Kirk*, J.

In this court the case was submitted on briefs.

*L. Kobrin*, for the defendant.

*J. A. Merenda & J. J. Twitchell*, for the plaintiff.

SPALDING, J.     A recital of the pleadings in some detail is
necessary to a proper understanding of the issues here pre-
sented.     The plaintiff in his amended bill in substance
alleged that he owned four parcels of real estate in Med-
ford; that on September 25, 1941, he entered into a con-
ditional sale contract with the defendant "for the installa-
tion of certain stoker furnaces in the said premises" for
which he agreed to pay the sum of $1,187; that of this

amount $620 was paid in cash and the balance of $567 was to be paid over a period of twelve months; that the defendant filed a notice of the conditional sale contract in the registry of deeds at Cambridge which constituted a lien on the plaintiff's property; that payments in accordance with the contract were made by the plaintiff until he discovered that the stokers were not as guaranteed by the contract; and that by reason of this breach of contract on the part of the defendant it became necessary for the plaintiff to replace two of the stokers with others at a cost of $960, after having expended $225 "to correct . . . [their] shortcomings." The bill prayed that the defendant be required to discharge the lien on the plaintiff's real estate, and that the defendant be ordered to pay to the plaintiff the sum of $1,185 to cover the cost of repairing, and ultimately replacing, two of the stokers.

The defendant in his answer asserted that the plaintiff had not lived up to the contract; that at the time of the last payment made by the plaintiff (June 3, 1942) he had expressed complete satisfaction with the stokers; that if the stokers were inadequate it was due to improper use of them by the plaintiff; and that in removing the stokers without informing the defendant of their whereabouts the plaintiff had converted them. The answer also contained a counterclaim, although not designated as such, which alleged that the plaintiff owed the defendant a balance of $485.25 with interest and "that this request for the payment of same is not to be construed in any manner as a waiver of the right, title and interest of the . . . [defendant] to the stokers in question." The plaintiff's original answer to this counterclaim does not appear in the record.

The judge before whom the case was tried entered a final decree dismissing the bill with costs to the defendant. The decree, however, did not dispose of the counterclaim. There was no report of the evidence nor were there any findings of fact. The plaintiff did not appeal.

On January 24, 1946, nearly three months after the entry of the decree dismissing the bill, the defendant moved "to amend his bill in the matter of a set-off" by alleging that

the plaintiff owed him "an amount for reasonable attorney's fees and disbursements and expenses of collection in accordance with paragraph 6 of the conditional sale agreement in question." This amendment was allowed by the court. The plaintiff then filed a motion in which he asked that he be allowed to amend his answer to the defendant's "cross bill." In this amended answer, which was allowed by the court, the plaintiff stated that he did not owe the defendant anything due to the fact that the stokers installed by the defendant were not as represented in the agreement.

The issues raised by the amended counterclaim and answer were heard before another judge who at the defendant's request, pursuant to G. L. (Ter. Ed.) c. 214, § 23, reported the material facts found by him. The evidence is not reported. These findings may be summarized as follows: The plaintiff, who owned four apartment houses, entered into a conditional sale contract with the defendant whereby the latter was to install four "'Original Pocahontas' Stokers, Model HB30, at $245 each," in the plaintiff's apartment houses. With installation and finance charges the total price was to be $1,187. Four stokers were installed in the plaintiff's apartment houses by the defendant, and after the down payments required by the contract were made, a balance of $567 remained which was to be paid in twelve monthly instalments. Some of the monthly instalments were paid by the plaintiff but after June, 1942, nothing more was paid. The unpaid balance at that time was $485.52. Two of the stokers installed by the defendant were "Model HB30's" as the contract called for and have been satisfactory. But the other two never "gave satisfactory performance" and the plaintiff seasonably notified the defendant of his dissatisfaction. After the plaintiff had hired persons to make these stokers operate better, but to no avail, he discovered that they were Model HB15 instead of Model HB30 as the contract called for. He then caused them to be removed and had new ones installed by a different contractor at a cost of $960. At the time the two stokers were removed the whereabouts of the defendant,

who had removed to Wisconsin, was not known to the plaintiff. At the trial the plaintiff stated that these stokers "were at . . . [the defendant's] disposal." These stokers were in fact Model HB15 and due to a difference in gear size and adjustment did not feed coal to a furnace at the same rate as did the model specified in the contract. The plaintiff "did not get the type of stoker for which he bargained, and therefore did not get the result in performance to which he was entitled." From a final decree dismissing his counterclaim the defendant appealed.

The principal contentions of the defendant are that he never filed or intended to file a counterclaim; and that in any event the final decree entered in the earlier proceeding "was res judicata as to all the allegations and prayers for affirmative relief" in the bill and that the plaintiff was therefore precluded from retrying these issues in the subsequent proceeding.

We have no doubt that the portion of the defendant's answer as amended which sought affirmative relief was in effect a counterclaim, and the judge rightly dealt with it as such. Rule 32 of the Superior Court (1932). *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149, 153. *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401, 405. *Minot* v. *Minot*, 319 Mass. 253, 270. Compare *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 607–609. It would have been better practice if the judge who first heard the case had also dealt with the counterclaim, so that the entire controversy between the parties could have been disposed of in one final decree. But as we said in *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, at page 55, "A bill and a counterclaim are different causes of suit combined in one case, and ordinarily a decree disposing of only one of them is not a final decree." It follows that the dismissal of the plaintiff's bill without disposing of the counterclaim left the latter unaffected.

The cause of action set forth in the counterclaim was not the same as that for which the plaintiff's bill was brought, although it would appear that some, if not most, of the issues involved in the two proceedings were the same. Thus the determination of questions of fact essential to the decree

entered in the former proceeding and actually litigated there would be conclusive in the matter under consideration here. *Foye* v. *Patch*, 132 Mass. 105, 110–111. *Lesberg* v. *Lesberg*, 260 Mass. 216, 221. *Sandler* v. *Silk*, 292 Mass. 493, 498. *Mellen* v. *Modern Parlor Frame Corp.* 321 Mass. 305, 309. Restatement: Judgments, § 68. See Scott, Collateral Estoppel By Judgment, 56 Harv. L. Rev. 1. In so far as the plaintiff was attempting in the trial on the counterclaim to retry issues which had previously been litigated, he could have been prevented from doing so if the defendant had seen fit to raise the question. The defendant could have put in evidence the pleadings and decree in the former proceeding (see *Browne* v. *Moran*, 300 Mass. 107, 111–112), and if these did not show what matters had been actually litigated and determined therein, he could have shown this by extrinsic evidence. *Foye* v. *Patch*, 132 Mass. 105, 111. *Saragan* v. *Bousquet, ante,* 14, 20. Restatement: Judgments, § 68, comment k. And the defendant could have objected to the admission of any evidence offered by the plaintiff which bore on issues already determined. But there is nothing in this record to indicate that the defendant did anything in the court below to raise the question which he is now pressing. The case appears to have been tried without any question having been raised with respect to the issues determined in the prior proceedings. It is not open to the defendant to raise that question here for the first time.

The other questions argued by the defendant do not require discussion. The decree appealed from was right; it was amply supported by the facts found by the judge. The entry must be

> *Decree affirmed with costs.*