Anne Levin *vs.* Philip Smith.

Suffolk.    October 6, 1961. — November 13, 1961.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Interest.    Contract,* Validity.    *Bills and Notes,* Validity, Interest.    *Mort-
gage,* Of real estate: interest.    *Words,* "Assessed value."

The "assessed value" of real estate for the purpose of determining the
applicability of G. L. c. 140, §§ 90A–90D, inserted by St. 1959, c. 505,
§ 1, to a loan secured by a mortgage thereof must be a specific amount
capable of ascertainment from an available public record at the time of
the loan, so that, with respect to a mortgage loan made on a January 15
when the latest assessed value available on the municipal assessment book
was that for the previous year in an amount less than $10,000, such
amount was the determinative assessed value even though after the
making of the loan the assessed value as of January 1 of the year of the
loan was fixed in an amount more than $10,000.

Bill in equity, filed in the Superior Court on November
25, 1960.

The suit was heard by *Brogna,* J.

*Abraham J. Zimmerman,* (*Herbert E. Zimmerman* with
him,) for the defendant.

*Marshall M. Schribman,* for the plaintiff.

Wilkins, C.J.    This bill of complaint is entitled as one
for declaratory relief, and is so described by the parties in
their briefs.    The plaintiff is the maker of a promissory
note, dated January 15, 1960, in the amount of $9,750, pay-
able to the defendant in weekly instalments of $62.50.    Of

this amount $5,000 was the actual loan and $4,750 was for interest. The note was secured by a second mortgage on real estate in Brookline which was occupied as a dwelling house by the plaintiff and had accommodations for three or less separate households. There was other security not material to the principal legal question now presented.

The substantial issue before us is the effect of ''An Act limiting interest rates on home mortgages,'' St. 1959, c. 505, § 1, which became effective January 1, 1960, and inserted §§ 90A–90D in G. L. c. 140,[1] and, in particular, the effect of the phrase with supplied italics in the following partial quotation from § 90A: ''No person shall directly or indirectly charge, take or receive for a loan of more than fifteen hundred dollars secured wholly or partially by a mortgage of *real estate having an assessed value of not over ten thousand dollars,* having thereon a dwelling house with accommodations for three or less separate households and occupied in whole or in part at the time the loan is made as a home by any obligor on the mortgage debt or by any person granting or releasing any interest under said mortgage, a greater rate of interest than one and one half percent per month on the unpaid principal balance of the loan before default . . ..''[2]

The judge in addition to the facts hereinbefore recited made other findings. The note does not contain as separate items the principal sum, the rate of interest or its equivalent in money, and the periodic due dates of principal and interest.[3] The rate of interest is far in excess of one and one-half per cent per month. As far as the official records (namely, the assessment book of Brookline for 1959) in existence on January 15, 1960, showed, the prem-

---

[1] Section 90A contains an exception: ''This section and sections ninety B to ninety D, inclusive, shall not apply to a loan secured by a first mortgage on real estate.''

[2] A subsequent amendment by St. 1960, c. 446, is immaterial.

[3] Section 90B provides in part: ''If any note secured by such a mortgage and any such mortgage does not, among its provisions, specify as separate items the principal sum, the rate of interest or its equivalent in money, the period of the loan and the periodic due dates, if any, of principal and interest, the lender shall have no right to collect interest.''

ises at 37 Garrison Road, Brookline, had an assessed value of $8,600.   In accordance with the practice of the assessors of the town, work on the assessments for 1960 was undertaken beginning in January.   The assessment for that year for 37 Garrison Road, however, was not available until the tax rate was set and approved on April 23, 1960, when the valuation was set at $10,100.   While no one on behalf of the lender made inquiry at the assessors' office on or before January 15, 1960, as to what the assessed value was, had someone done so, he would have been told that it was $8,600 and that the only information available was the assessed value for the previous year.

The judge ruled that despite G. L. c. 59, § 11 (as amended through St. 1958, c. 549, § 2), which provides that taxes on real estate shall be assessed to the owner (with exceptions not now material) on January first, the assessed value, within the meaning of § 90A, on January 15, 1960, was $8,600, and hence the note violated both § 90A and § 90B.

Other findings were that the plaintiff has repaid $3,750, and on November 23, 1960, made a tender of $1,375, "which at that time would have equalled the amount of $5,000," but this the defendant refused; and that a reasonable fee for the services of the plaintiff's attorney was, as authorized by § 90D, $400.

The judge ruled that at the date of filing the bill of complaint, there was due under § 90C "no more than $5,000, the amount of principal"; and that the lender had no right to collect interest under § 90B.   The final decree ordered that upon payment of $1,250 the defendant should cancel the note, discharge the real estate mortgage, do certain other acts (not now subject to controversy) and pay $400 counsel fees, and costs of suit.   The defendant appealed.

The defence is that the increase in assessed valuation to more than $10,000, which became known on April 23, 1960, extricated the loan transaction of January 15, 1960, from the operation of the statute.   In support of his contention the defendant endeavors to import into § 90A the provisions of the assessing statute, namely G. L. c. 59, §§ 11, 23,

38, 43, 44, and 45, if and as amended. A difficulty, which we think insuperable, is that legality must be known at the time of the loan, and cannot be ambulatory until an uncertain date when the local tax rate is announced. Otherwise fluctuations in assessed valuations above and below $10,000 would cause shifts in the legality and the illegality of loans. The statute is an expression of public policy in repression of certain acts of money lending at high interest rates. Its interpretation should be clear and definite in aid of that policy. The phrase "assessed value" must have been chosen to point to an available public record where a specific amount could always be found which would govern conclusively the applicability of the statute to any given transaction. There thus is obviated litigation to which expert opinion evidence would be relevant had some other standard of value been adopted in the legislation.

The final decree is affirmed, with an additional counsel fee of $200 for services on appeal, and with costs of appeal.

*So ordered.*