ARTHUR J. REMY & another *vs.* HARRY SHER.

Bristol.   October 11, 1963. — November 29, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Interest.   Loan.   Bills and Notes,* Validity, Interest.   *Contract,* Validity.

A note and a mortgage securing it, the stated total of whose principal and interest was payable in sixty equal monthly instalments of a specified amount, and which contained a statement of the principal amount, did not violate G. L. c. 140, § 90B, in that only the total amount of the

interest payable over the sixty months was stated as the "rate of interest or its equivalent in money" or in that a certain day of each month was stated as the "periodic due dates" without specification whether such monthly date pertained to principal or interest or both.

BILL IN EQUITY filed in the Superior Court on May 17, 1962.

The suit was heard by *Hudson,* J.

*Solomon Rosenberg (George H. Young* with him) for the plaintiffs.

*Benedict Horowitz (Michael J. Antonellis* with him) for the defendant.

WILKINS, C.J. On December 8, 1961, the plaintiffs borrowed of the defendant $4,500 secured in part by a five year second mortgage on their real estate in Westport having a dwelling house assessed for less than $10,000 with accommodations for three or less separate households and occupied by them. See *Levin* v. *Smith,* 343 Mass. 169. By this bill in equity the plaintiffs seek an accounting and the repayment of sums allegedly paid in excess of the amounts authorized by G. L. c. 140, § 90A, inserted by St. 1959, c. 505, § 1, as amended by St. 1960, c. 446 (see now St. 1962, c. 286), and by G. L. c. 140, §§ 90B–90D, inserted by St. 1959, c. 505, § 1. The judge ruled that the loan did not violate the statute, and that the plaintiffs are not entitled to attorneys' fees in this suit. The plaintiffs appealed from a final decree that the defendant is indebted to the plaintiffs in the sum of $227.25[1] and costs.

The trial judge found that there was also executed and recorded a chattel mortgage on the automobile; that no payments were made when due on the note and mortgage; that the automobile was not repossessed; that the defendant commenced foreclosure proceedings in the Land Court; and that the plaintiffs repaid the loan with money obtained from the sale of the real estate.

---

[1] This sum consisted of amounts found to be improperly charged to the plaintiffs: $2.25 interest overpaid by mistake; $150 paid to Central Secret Service Bureau of Boston and $25 paid to one Francoeur for services in searching for an automobile; and $50 for an overpayment to an attorney for commencing foreclosure proceedings on the real estate after default by the plaintiffs.

General Laws c. 140, § 90B, provides in part: "If any note secured by such a mortgage and any such mortgage does not, among its provisions, specify as separate items the principal sum, the rate of interest or its equivalent in money, the period of the loan and the periodic due dates, if any, of principal and interest, the lender shall have no right to collect interest."

The note provided in part:

"Principal sum loaned    $4,500.00
Rate of interest or its
   equivalent in money   $2,356.80
Amount of Note           $6,856.80
Period of loan           60 months
Periodic due dates
The 8th day of each and
every month commencing
with January 8, 1962

Note                December 8, 1961
For value received, We, Arthur J. Remy and Dorothy M. Remy, jointly and severally promise to pay to the order of Harry Sher, d/b/a Mutual Discount Co. the sum of Six Thousand Eight Hundred Fifty-Six and 80/100 ($6,856.80) Dollars payable in 60 successive equal monthly installments of One Hundred Fourteen and 28/100 ($114.28) Dollars, each. Said payments shall commence on January 8, 1962 and shall continue on the 8th day of each and every month thereafter, the entire amount to be paid in 60 months from this date.

Provided, however, that if any default shall be made in the payment of any installment, and such default continues for seven (7) days, the entire amount then remaining unpaid, shall at the option of the holder hereof, become due and payable on demand. In the event the holder hereof exercises his option to accelerate this note, or in the event of six (6) months continuing default or more, the amount then due shall be the unpaid principal sum together with the maximum rate of interest permitted under Massachusetts General Laws, Chapter 140, Section 90A. If any installment is not paid when due, the holder hereof shall be entitled to interest on said installment in accordance with the maximum rate permitted by said Chapter 140, Section 90A."

By § 90A the maximum rate of interest permitted on the loan is one and one-half per cent monthly. The note pre-

scribes that equal payments of $114.28 are to be made on the eighth day of each month for sixty months and gives the total amount in dollars which is to be charged in interest. The total of the sixty monthly payments of $114.28 equals the total of principal and interest shown in the note and mortgage. The plaintiffs concede that they can establish that for the first month $67.50 is applied to interest and $46.78 to principal, and that for the final month $1.69 would be applied to interest and $111.69 to principal. Indeed this is expressly prescribed in § 90A.[1] The plaintiffs' contention, as outlined in their brief, is: "it was never intended that the rate or its equivalent should be kept secret and the borrower obliged to make a computation to find out what he owed, the interest he was being required to pay and the amount of principal applied out of each payment. In the instant case the authority by the statute is to charge interest monthly, which should be the unit of time on which the rate should be stated in the note and mortgage, and this requirement is not met by stating the five-year interest total as the equivalent of the rate of interest, and the requirement that the periodic due dates for payment of principal and interest be specified is not met by stating a monthly due date without also stating whether for principal or interest or both."

The assertions cannot be accepted. The statute does not contain the phrase, "the equivalent of the rate of interest," but refers to "the rate of interest or its equivalent in money." We think that the note and mortgage do comply with this requirement. The plaintiffs' argument also ignores § 90C, which reads in part, "Upon payment of any money by the borrower, the lender shall at the request of the borrower give him a receipt stating the date of payment, the amount paid, the amount applicable to interest on

---

[1] "Except where the borrower agrees in writing to a different application of his payments, in cases where partial payments are made, the interest shall be calculated to the time of payment, and such payment shall first be applied to interest, and the balance thereafter remaining, if any, shall be applied to principal." We do not pass upon the defendant's argument that the execution of the note was an agreement in writing by the borrower as to the application of payments.

the loan and the amount applicable to the principal.'' Such a provision would be wholly unnecessary if the plaintiffs' construction of § 90B were to be adopted and such information must be included in the note in the first place. We also are of opinion that the reference in the note and mortgage to periodic due dates was a compliance with that requirement of § 90B.

The ruling that the plaintiffs are not entitled to attorneys' fees was right. We infer that their reliance is on § 90D, which relates to violation of § 90A. In any event the plaintiffs have specifically contended only that there was a violation of § 90B. There was no violation of either § 90A or § 90B.

The final decree is to be modified by providing for interest on $227.25 from the date of filing the bill, and, as so modified, it is affirmed with costs of this appeal to the defendant.

*So ordered.*