## Southern District

### ARTHUR J. REMY and DOROTHY M. REMY
### v.
### LEONARD N. FRANCOEUR

*Present:* Nash, C. J., Cox & Murphy, JJ.
Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 7225.

*Cox, J.* In this action of contract the plaintiffs seek to recover back $230.00 paid to the defendant for negotiating a second mortgage loan on their property. The justice found that the defendant was acting as a real estate broker as defined in G. L. c. 112, §87PP and was not licensed. "As such he was not entitled to a commission from the plaintiffs and now owes them the sum of $230.00 for money received, plus interest from December 8, 1961."

The case was reported because the defendant claimed to be aggrieved by the justice's rulings and refusal to rule as requested.

There is no question that the defendant was not a licensed real estate broker. G. L. c. 112, §87PP (St. 1957 c. 23, §2). Accordingly, had the commission not been paid to him he could not have brought an action in the courts of the commonwealth to recover it by the express provisions of G. L. c. 112, §87RR. A penalty of not more than $500.00 is provided for acting as a real estate broker without being licensed. G. L. c. 112, §87CCC.

G. L. c. 112, §87PP defines a real estate broker, so far as here material, as any person who " . . . negotiates or offers or attempts or agrees to negotiate a loan secured or to be secured by mortgage or other encumbrance upon real estate." The report states that the defendant "placed a second realty loan for

the plaintiffs with the mortgagee . . . " It is clear, therefore, that the defendant was acting as a real estate broker as defined in §87PP and that the justice was right in so holding. We accordingly rejected the defendant's contention that he was acting as a "finder" as distinguished from a real estate broker. For the distinction between the two, see *Davidson v. Robie,* 345 Mass. 333, 337 et seq., wherein it is explained at page 338 that a finder's fee is paid "to one who brings to . . . (the promisor) a deal out of which he makes money." In the case before us the defendant did more. He negotiated the mortgage loan in violation of the statute. We see no error in the denial of the defendant's requests numbers 1 and 2 that the services which he rendered did not require him to be a licensed real estate broker.

We must also reject the defendant's contention that he has been adjudicated a "finder" in a prior proceeding. The point was raised in a request for ruling of law which the justice denied. The prior proceeding referred to was a bill in equity by these same plaintiffs against one Harry Sher, the second mortgagee, for whose mortgage loan to the plaintiffs the defendant received the commission now sought to be recovered back. The suit in equity prayed for an accounting and repayment of sums, including the commission paid to Francoeur, alleged to have been in excess of the amounts permitted for loans by G. L. c. 140, §90A. The justice of the superior

court held with reference to the payment to Francoeur, "I find that this sum was earned by him. His services were engaged by the Remys with full knowledge of his proposed fee and they agreed to pay him." Except for an interest adjustment the final decree was affirmed by the Supreme Judicial Court in *Remy v. Sher,* 346 Mass. 471,. It is manifest that Sher could not have been held in the equity suit to have overcharged the plaintiffs to the extent of Francoeur's commission. Sher received no part of that commission and played no part in of that commission and played no part in engaging Francoeur. It does not appear in the final decree, the only part of the record in the equity suit which was before us, that Francoeur was an unlicensed real estate broker. The issue before us was not before the Superior Court in the same particular nor was the suit between the same parties as are involved in this action. The justice was right in denying the defendant's request number 4 that the amount paid to Francoeur is *res judicata. Jennings v. Wall,* 217 Mass. 278; *McCarthy v. Wood Lumber Co.,* 219 Mass. 566; *Hopkins v. Holcombe,* 308 Mass. 54, 57. See also *Mellen v. Modern Parlor Frame Corp.,* 321 Mass. 305, 309.

The principal question presented for determination, and we consider it under request number 5 which the justice denied, is whether the commission having been paid can now be recovered back in the light of the violation of law by Francoeur. While the statute denies

the courts to an unlicensed real estate broker to recover a commission, it is silent as to recovery of a commission once paid. We must therefore look to the precedents for guidance on the strength of which we conclude that the justice was right in holding that the plaintiffs may recover back the commission paid in violation of the statute.

The law appears to be settled that "where money is paid on a contract which is merely prohibited by statute, and the receiver is the principal offender, he may be compelled to refund." To deny the remedy against the receiver would give effect to an illegality on his part. The statute denying the commission is pointed against the defendant as the unlicensed real estate broker and not against the persons dealing with him. The statute subjects only the unlicensed real estate broker to a penalty. *White v. Franklin Bank,* 22 Pick. 181, 184-188, where the whole subject is comprehensively explained. As to this rule equity follows the law. *Berman v. Coakley,* 243 Mass. 348, 350, in which the rule is summarized by the court as follows: "It is a doctrine so well settled as not to be open to discussion that courts will not aid in the enforcement, nor afford relief against the evil consequences, of an illegal or immoral contract. . . . That doctrine is founded upon the public policy that the course of justice cannot be defeated for the benefit of an individual. . . . The general doctrine is subject to a qualification or exception as widely recognized

and as thoroughly established as is the rule itself. That exception is that, where the parties are not in equal fault as to the illegal element of the contract, or, to use the phrase of the maxim, are not *in pari delicto,* and where there are elements of public policy more outraged by the conduct of one than of the other, then relief in equity may be granted to the less guilty." See also *Eastern Metal Co. v. Webb Granite etc. Co.,* 195 Mass. 356, 362; *Kneeland v. Emerton,* 280 Mass. 371, 378; *Council v. Cohen,* 303 Mass. 348, 354-355.

As no reversible error has been shown the report should be dismissed.

George H. Young and Solomon Rosenberg, both of New Bedford, for the Plaintiffs.

Arthur E. Beauieu, of Fall River, for the Defendant.