■ BENEFICIAL FINANCE CO. OF N. Y., INC., Appellant, v. RICHARD D. WALL, Respondent.— REYNOLDS, J. Appeal from an order of the County Court, Washington County, denying appellant's motion to strike respondent's affirmative defense of a discharge in bankruptcy and granting respondent's cross motion for summary judgment dismissing appellant's complaint. There appears little dispute as to the propriety of the County Court's action in denying appellant's motion to strike respondent's affirmative defense of discharge in bankruptcy. However, while the general discharge respondent received presents a valid bar to recovery in most actions brought by creditors for debts which are listed by the respondent in his schedules, it would not prevent recovery if the creditor could prove that the debt was incurred by " false pretenses or false representations ". (Bankruptcy Law, § 17; U. S. Code, tit. 11, § 35, subd. [a].) Here appellant seeks to avail itself of this exception by alleging that

respondent when he borrowed money from it submitted to it a fraudulent financial statement upon which it relied in making the loan to him. The County Court, nevertheless, granted summary judgment for respondent stating: "The transcript [of the bankruptcy proceeding] has been reviewed in detail by this Court and the record is clear that the questions in reference to the alleged false financial statement were litigated and decided in the bankruptcy proceeding." We cannot agree with the County Court's conclusion as to what transpired in the bankruptcy proceeding. Other than the fact that at one point during the bankruptcy proceeding respondent admitted on questioning by appellant's attorney that there were certain omissions on the financial statement he had submitted to appellant, the issue of fraud does not appear to have been even alluded to in that proceeding. There was no Referee or court finding that fraud was or was not present; there was no specific discharge against the appellant but a general discharge as to all creditors; there was no argument between the parties at the hearing over the issue of fraud; the Referee at no point even made any remark directed to this issue; and, finally, neither appellant nor any other creditor ever filed objections or specifications to the discharge. Under these circumstances, we find no basis to support the County Court's conclusion that the issue of fraud has been "litigated and decided". (Cf., *Myers* v. *International Co.*, 263 U. S. 64; *Morris Plan Ind. Bank of N. Y.* v. *Beutner*, 185 Misc. 268.) Order modified, on the law and the facts, so as to reverse so much thereof as granted summary judgment in favor of respondent and respondent's cross-motion for summary judgment denied, and as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.