CHRISTOPHER A. BLACKBURN *vs.* BOSTON AND NORTHERN
STREET RAILWAY COMPANY.
JAMES H. KNOWLTON *vs.* SAME.

Suffolk.    November 19, 20, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Waiver of exceptions, New trial, Conduct of trial.    *Witness,* Cross-examination.    *Evidence,* Exhibits.    *Negligence.*

In an action of tort for personal injuries, in which the jury returned a verdict for the plaintiff, the presiding judge made an order setting aside the verdict as against the evidence on the issues of the plaintiff's due care and of the defendant's negligence, but ordered that the verdict as to the assessment of damages should stand to await a future trial on the question of liability. The plaintiff filed a bill of exceptions to this order, but it never was allowed by the judge and no attempt was made to establish the exceptions. Later the plaintiff filed in writing a waiver of his exceptions. Afterwards there was a new trial at which the presiding judge, following the order granting the new trial, confined the trial to the question of liability, and refused to allow the plaintiff to introduce evidence upon the question of damages or to argue it to the jury. *Held,* that, whether the order confining the new trial to the question of liability was right or wrong, the plaintiff had waived his right to contest its validity, and it had become the law of the case for the new trial.

When the cross-examination of a witness has been conducted on a certain line for some time, the presiding judge may exclude another question on the same subject if he concludes that the answer to the question, whether it should be in the affirmative or the negative, would add nothing to what already has been elicited and could be of no assistance to the jury. No exception to such an exclusion can be sustained which fails to show that the action of the judge was prejudicial to the excepting party.

Exhibits, which were made part of a deposition when called for by cross-interrogatories, and which were shown to the jury at the time the deposition was read, without any objection being made, may be detached from the deposition and allowed to go to the jury.

In an action against a street railway corporation for personal injuries from being run into from behind by an electric car of the defendant while driving in a wagon, the plaintiffs asked the judge to make the following ruling: " If the team was driven upon the track in front of the car, and the motorman could have stopped the car in time to avoid the collision, and did not stop it, then he was not in the exercise of due care, and the verdict must be for the plaintiffs." The judge refused to make the ruling. The jury found for the defendant, and the plaintiff alleged exceptions. *Held,* that the request for the ruling was refused rightly, as it entirely excluded the question of the due care of the plaintiffs, and also entirely excluded the distinction between negligence and a mere error of judgment on the part of the motorman.

TWO ACTIONS OF TORT for personal injuries incurred on Main Street in the town of Winchester at about 7.40 o'clock on the morning of August 9, 1902, from being run into from behind by an electric car of the defendant while in a wagon in which the plaintiff Knowlton was driving and in which the plaintiff Blackburn was with him. Writs dated September 15, 1902.

In the Superior Court the cases were tried together, and were tried three times. At the first trial, before *Maynard*, J., the jury returned a verdict for the plaintiff Blackburn in the sum of $3,000 and a verdict for the plaintiff Knowlton in the sum of $1,500. Motions for a new trial were filed by the defendant in both cases on the grounds (1) that the verdicts were against the evidence and the weight of the evidence; (2) that they were against the law; and (3) that the damages assessed were excessive. After a hearing, the judge granted the motions for a new trial in both cases.

The cases were tried a second time before *Hardy*, J., and verdicts for the plaintiffs again were returned in both actions, but this time the jury awarded the plaintiff Blackburn $1,500, and the plaintiff Knowlton $750. The defendant again filed a motion for a new trial in each action, specifying the same grounds as in the first instance. After a hearing, the judge, on October 31, 1905, made the following order in each case: "The verdict is set aside for the first and second reasons in the motion upon the issues tending to show the defendant's liability, namely: upon the issue of the plaintiff's due care, and upon the issue of the defendant's negligence. The verdict as to the assessment of damages is to stand to await future trial on the question of liability."

On November 9, 1905, the plaintiffs filed bills of exceptions alleging certain exceptions to rulings made by the judge in the course of the trial, and also excepting, in the following language, to his order in granting the defendant's motions for a new trial: "The plaintiff, feeling aggrieved by the aforesaid opinion, ruling and direction to the jury and the order setting aside the verdict, excepts thereto and prays that his exceptions may be allowed."

These bills of exceptions never were allowed, and no attempt was made at any time to establish the exceptions.

On August 30, 1907, the plaintiff in each action filed in the Superior Court the following waiver: "The plaintiff's exceptions in the above entitled cause are hereby waived."

The cases came on to be tried a third time, before *Harris*, J., in November, 1907. At this last trial, the judge, in view of the order of *Hardy*, J., ruled that the evidence must be confined to the question of liability, and declined to allow the plaintiffs to introduce evidence upon, or to argue to the jury, the question of damages.

To this ruling and exclusion of evidence the plaintiffs excepted.

Certain exceptions were taken by the plaintiffs to the admission and exclusion of evidence and also to the charge of the judge to the jury, which are indicated sufficiently in the opinion.

At the close of the evidence, the plaintiffs asked the judge to make the following rulings:

"1. The defendant company has no right to the exclusive occupation of the street. It is at all times bound to use due and reasonable care to see that its car by its motion caused no unnecessary damage to person and property rightly in the public street.

"2. For a street car to run into a wagon from behind without special circumstances to justify it is evidence of negligence or wilful wrong on the part of the street railway company.

"3. A person driving a wagon upon the tracks of a street railway in a public street does his duty in relation to a car coming up behind him by getting off the track when he knows of its approach.

"4. If the team was driven upon the track in front of the car, and the motorman could have stopped the car in time to avoid the collision, and did not so stop it, then he was not in the exercise of due care, and the verdict must be for the plaintiffs."

The judge left the cases to the jury with instructions, in which he is held by this court to have given in substance the first and second of the rulings requested and to have given the third with proper limitations. He refused to make the fourth ruling requested.

The jury returned a verdict for the defendant in each of the cases; and the plaintiffs alleged exceptions.

*J. T. Wilson,* (*F. Chamberlain* with him,) for the plaintiffs.

*D. E. Hall,* for the defendant.

HAMMOND, J.  1. These two actions for personal injury were tried together.

It is unnecessary to consider whether or not the order setting aside the verdict at the second trial upon the question of liability only was erroneous.  It is true that the plaintiffs alleged exceptions to that order, but no attempt was made to establish the exceptions and they were finally waived.  The plaintiffs having waived their right to contest the validity of the order, were bound by it in all subsequent proceedings whether it was right or wrong.  It became the law of the case for this third trial, and the judge rightly confined the trial to the question of liability in accordance with its terms.

2. There was no error in the exclusion of the question put by the plaintiffs to the motorman on cross-examination as to whether the circumstances assumed in the question constituted " as favorable a condition to make up your time as could possibly be calculated."  The cross-examination had been conducted for some time on this line and the judge may well have concluded that the answer to this question, whether it should be in the affirmative or in the negative, would have added nothing to what already had been elicited or could not have been of any assistance to the jury.  The plaintiffs do not show that the action of the judge was prejudicial to them.

3. There was no error in allowing the exhibits to go to the jury.  They were made a part of the deposition of the witness Swan by reason of the cross-interrogatories and had been shown to the jury, when the deposition was read, without any objection on the part of the plaintiffs.  The plaintiffs could not have been prejudiced by separating them from the deposition and sending them to the jury.

4. At the close of the evidence the plaintiffs presented four requests for rulings.  The first was given in substance.  And we think the same may be said of the second.  As to the third it is sufficient to say that it was given with proper limitations applicable to the various views which the jury might take of the evidence.  The fourth entirely excluded the question of due care of the plaintiffs.  Besides it was too broad and on that account not

a correct statement of the law. It entirely excluded the distinction between negligence and a mere error of judgment on the part of the motorman. The last exception concerns only the case of Blackburn, and relates to the question whether or not the negligence, if any, of Knowlton, the driver of the team in which both were, was attributable to Blackburn. Upon this matter the charge was full, explicit and sufficiently favorable to him. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309.

*Exceptions overruled.*