JAMES P. STEWART *vs.* EDGAR L. FULLER & others, trustees.

Suffolk.　January 13, 1911. — March 4, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Judge's charge.　*Evidence,* Failure to call witness.

In an action of contract for the price of coal sold and delivered, the plaintiff in testifying referred to his day book, which was not put in evidence, and explained that it was his practice when an order was given to write it out on a piece of paper, which was kept until the order was filled by the delivery of the coal, and that then the order and the method of filling it were entered on the day book and the slip was thrown away. The plaintiff used the day book to refresh his recollection both on his direct examination and on his cross-examination. The defendant denied that the coal was ordered or was delivered. The judge in the course of his charge said to the jury, " There are on the one hand the books, a record made of a sale, and on the other hand the memory of a man." The defendant excepted to this on the ground that the judge assumed that there was a record in evidence, the account book of the plaintiff. *Held,* that this exception could not be sustained, because the presiding judge in referring to the plaintiff's account book did not say or assume that it was in evidence.

In an action against three trustees, for the price of coal alleged to have been delivered at a building owned by the defendants, where the defendants denied that the coal was ordered or was delivered, the plaintiff testified that he had sold coal to the defendants before on an order given by F, who was one of the defendants, and that he was sure that F had ordered the coal for the defendants although he knew that F was also a trustee of another real estate association in the same town. The defendants did not call F as a witness, and the judge in the course of his charge instructed the jury that if they thought that F should have been produced as a witness by the defendants they could give such weight as they thought fit to the fact that he had not been produced. *Held,* that there was no error in this instruction.

A charge of the judge presiding at a trial, which was objected to as argumentative, here was held not to be in violation of R. L. c. 173, § 80, under the rule laid down in *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495.

CONTRACT for the price of coal sold and delivered, as stated in the opinion. Writ in the Municipal Court of the City of Boston dated April 15, 1907.

On appeal to the Superior Court the case was tried before *White,* J. The questions which arose at the trial are stated in the opinion.

A portion of the charge of the judge, which included the parts to which the defendants objected and excepted, was as follows:

" Here is the scheme of the plaintiff's argument. ' This order

came to me. In the regular course of business it was put on my books, it there remains. I sent it out with drivers who knew the place, and the drivers say they knew the place, and they delivered it at the place.'

" On the other hand, the defendant is claiming that his memory is sufficient against the record and against the evidence; that his remembrance ought to govern, and that is, that out of his memory he says that he is able to say that the coal was not delivered. There is a suggestion made by the introduction of Freeman as the trustee, or one of the trustees of the Everett Real Estate Association, that it might have gone there. Freeman has not testified. When a witness is introduced as knowing something about the possible outcome of a trial, and as being able to bring some information and he is not brought by the party who would naturally bring him, whom you would naturally expect to bring him, you have a right to infer from his absence that if brought his evidence would not be favorable. Now, Freeman being an associate of Fuller, if there is any intimation that the coal went to Freeman's building instead of to Fuller's building, whether there was any obligation to bring him here to inform you of that fact is for you to determine. If you say there was no obligation, you will disregard it. If you say he is getting up such a claim as that and Freeman should be brought here, you have the right to draw whatever inference you say you ought to draw from the fact that he is not brought here. Whether you say he ought to have brought him or not is entirely for you to judge.

" There are on the one hand the books, a record made of a sale, and on the other part the memory of man, and it is for you to determine with the burden of proof upon the plaintiff. The burden is upon the plaintiff in this as in every other case to establish the fact of a sale and delivery by a fair preponderance of the evidence; and that, as I have told you in previous cases and as the counsel for the defendant has reiterated here, if it leaves you in just a balanced state of mind, that does not sustain the burden of proof. The burden of proof is only sustained when the scales tip in favor of the propositions that one party or the other must establish in order to maintain the action."

" On the matter of the record, I said a record made in the

ordinary course of business.   In so far as that is any instruction
to you that this record was made in the ordinary course of busi-
ness, so much as I said of that, I withdraw and leave it to you to
say whether the charge was made in the ordinary course of busi-
ness, and if it was, what effect you ought to give it."

The defendants' exceptions were, first, to the sentence of the
charge which is quoted in the opinion, second, to the portion of
the charge referring to the failure to produce Mr. Freeman as a
witness, and, third, to the charge as being argumentative.

The jury returned a verdict for the plaintiff in the sum of
$75.15; and the defendants alleged exceptions.

*A. E. McCleary*, for the defendants.

*T. J. Boynton & W. P. Dyer*, for the plaintiff, were not
called upon.

LORING, J.   This was an action for the price of ten tons of
coal.   The plaintiff testified that he took the order over the
telephone from the defendant Fuller, and Fuller testified that he
never gave it.   In the course of his testimony the plaintiff re-
ferred to his day book which was not put in evidence.   He ex-
plained that it was his practice when an order was given to
write it out on a piece of paper which was kept until the order
was filled by the delivery of the coal.   Then, after the order
stated on the slip had been filled, it and the method of filling it
were entered on the day book and the slip was thrown away.
The plaintiff used the day book to refresh his recollection both
on direct and cross-examination, and without objection.   The
defendants were three trustees who owned the building in ques-
tion.   On cross-examination the plaintiff testified that he had sold
coal to the defendants before on an order given by Freeman who
was one of the trustees.   He was sure that Freeman had ordered
coal for the defendants although he knew that Freeman was also
trustee of another real estate association in the same town.   The
three teamsters whose names appeared on the day book as having
delivered the coal testified that they did deliver it and the de-
fendant's janitor testified that no coal was delivered at that time.

In the course of his charge to the jury the judge told them
that " there are on the one hand the books, a record made of a
sale, and on the other part the memory of man."   To this part
of the charge the defendants took an exception.   Their argu-

ment in support of that exception is that the judge assumed that there was a record in evidence, the account book of the plaintiff. The plaintiff's account book was not in evidence and the presiding judge did not say or assume that it was.

The judge also told the jury that if they thought Mr. Freeman should have been produced as a witness by the defendants they could give such weight as they saw fit to the fact that he had not been produced. There was no error in that.

The last exception is on the ground that the charge of the judge was argumentative, and in support of that contention the defendant has relied on *Blackburn* v. *Boston & Northern Street Railway*, 201 Mass. 186, and *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495. We find nothing in the first of these cases which bears on this question and the charge is not a violation of R. L. c. 173, § 80, within the rule laid down in the second.

*Exceptions overruled.*