MINERVA GORDON & others *vs.* HAROLD B. GORDON,
trustee.

Bristol.    October 25, 1954. — February 7, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Trust*, Removal of trustee.

The appointment of a son of a testator as trustee under his will was not
automatically revoked, upon the son's marriage to a person not born
in the Hebrew faith, by reason of a provision in the will that on such a
marriage by any child of the testator any "gift" to or "provision"
for such child should be revoked and such child's "portion" of and
"interest" in the testator's estate should go to others. [212]

The facts, that there had arisen a great deal of dissension between a
brother and most of his five sisters since his administration began as
trustee under clauses of their father's will creating trusts of the tes-
tator's business interests and of the residue of his estate for the benefit
of his wife and children, and that by reason of certain provisions of the
will a marriage by the brother had terminated his beneficial interests
under those trusts, warranted his removal as trustee on the ground
that he was no longer suitable. [212]

PETITION, filed in the Probate Court for the county of
Bristol on November 5, 1951.

The case was heard by *Fuller*, J.

*Lee M. Friedman*, for the petitioners.

*Stuart Macmillan*, (*Lewis L. Wadsworth, Jr.*, with him,)
for the respondent.

WILKINS, J.    This petition for the removal of Harold B.
Gordon, trustee under the will of Joseph Gordon, late of
Attleboro, is an outgrowth of the family troubles referred
to in *Gordon* v. *Gordon, ante*, 193, and *Gordon* v. *Gordon,
ante*, 197.    The petitioners are four daughters of Joseph
Gordon: Minerva Gordon, Lillian G. Silverman, Sadye
G. Freedman, and May C. Pite.    The petition alleges that
the petitioners, the respondent, and Sarah G. Lewitsky, are
the children of Joseph and Yetta Gordon; that Yetta has

died; that the petitioners are interested in a trust fund under the will of Joseph; and that the respondent "has improperly and wrongfully misused and abused and is continuing to misuse and abuse his position, authority, and power as trustee for his own use and advantage, at the expense and to the detriment of the petitioners, beneficiaries of said trust, and is otherwise unsuitable for the discharge of said trust." A decree recited that "the allegations set forth in said petition are not sustained" and dismissed the petition. The petitioners appealed.

The judge made no report of the material facts found by him, but the evidence is reported. *New England Trust Co.* v. *Commissioner of Corporations & Taxation,* 315 Mass. 639, 643–644. *Friedman* v. *Hazen,* 328 Mass. 233, 234. *291 Washington St. Inc.* v. *School St. Liquors, Inc.* 331 Mass. 150.

By paragraph 8 of his will Joseph Gordon left any interest he might have in any business which he might be then conducting either individually, or as manager of a corporation the major portion of the capital stock of which he might own, to Harold upon the following trusts: To carry on and conduct the business; to act as a director or officer; using his own judgment and discretion, to vote the shares of stock on all matters on which a stockholder may vote; and to pay over the income and eventually the principal to the trustees of the residue under paragraph 9. The trustees of the residue were Yetta, Harold, and Sadye, with Lillian as an alternate. They were to pay the income, subject to an annuity to Yetta, 20% to Harold and 80% to all the children including Harold. At the expiration of twenty years from the death of Yetta, the principal was to be paid in the same manner as the income.

The testator died in 1943. The trustees for both trusts named in the will were appointed. Upon the death of Yetta in 1948 Lillian was appointed as successor trustee of the residuary trust under paragraph 9. The principal assets of the trust under paragraph 8 were the capital stock of Interstate Transit Corporation, a bus company operating

out of Attleboro, and Berlin Street Railway Company in New Hampshire. Harold became president, treasurer, director, and general manager of Interstate Transit Corporation. Other directors and officers varied from time to time, but were for the most part sisters of Harold or their husbands.

In *Gordon* v. *Gordon, ante,* 197, a petition for a declaratory decree, we have held that the probate judge was not in error in declaring that Harold's marriage was with "a person not born in the Hebrew faith" and was in violation of paragraph 14[1] of the will, and that his right to receive income and principal has been terminated. We do not think that Harold's appointment as trustee was thereby automatically revoked as being a "gift," or a "provision," or a "portion" of, or an "interest" in, the estate. We do not pause to consider whether Harold's contesting the validity of paragraph 14 in the proceeding for a declaratory decree was in violation of paragraph 15.[2] The important facts are that there has been a great deal of dissension between Harold and most of his sisters arising since his administration of the trust, and that Harold is no longer a beneficiary under paragraphs 8 and 9. We think that the testator would not have wanted him to continue as trustee in these circumstances, that it would not be for the best interests of the trust that he remain as trustee under either paragraph, and that he is now unsuitable for the discharge of those

---

[1] "If any of my said children shall marry a person not born in the Hebrew faith, then I hereby revoke the gift or gifts and the provision or provisions herein made to or for such child, and I direct that the portion or portions of my estate, and the interest or interests therein which I have by this will given to such child so marrying a person not born in the Hebrew faith shall be paid and made over to that person or persons who would have been entitled thereto under this will if such beneficiary had died before becoming entitled by the provisions hereof to such portion or portions, interest or interests, without leaving lawful issue."

[2] "If any beneficiary under this will shall contest the validity, or institute any proceedings to set it aside in whole or in part, then I hereby revoke the gift or gifts and the provision or provisions herein made to or for him, her or them, and I do direct that the portion or portions of my estate and the interest or interests therein which I have given to him, her or them by this will shall be paid and made over to that person or persons who would have been entitled thereto under this will, if such beneficiary had died before becoming entitled by the provisions hereof to such portion or portions, interest or interests, without leaving lawful issue."

trusts. *Wilson* v. *Wilson,* 145 Mass. 490, 493. *Comstock* v. *Bowles,* 295 Mass. 250, 260. *Shirk* v. *Walker,* 298 Mass. 251, 260. See *Morgan* v. *Morgan,* 267 Mass. 388, 392.

There is nothing in the respondent's contention that the court in the present petition cannot take cognizance of what happened in the proceedings for a declaratory decree. *Matter of Keenan,* 314 Mass. 544, 548. *Matter of Welansky,* 319 Mass. 205, 210. *Assessors of Lawrence* v. *Arlington Mills,* 320 Mass. 272, 273–274.

The decree is to be reversed, and a new decree is to be entered removing the respondent as trustee under the will of Joseph Gordon.

*So ordered.*