GEORGE M. POLAND & others vs. NEW BEDFORD, WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY.

Suffolk. December 9, 12, 1960. — February 13, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

Law of the Case. Res Judicata. Evidence, Judicial notice, On cross-examination.

In an action involving the defence of res judicata grounded on the judgment of the trial court in a previous action, this court took judicial notice of the original papers of the trial court in the previous action. [77]

Where, in an action defended on the ground of res judicata by reason of the judgment in a previous action, motions for judgment by both parties presenting the whole issue of res judicata were heard together and the judge denied both motions and ruled, without exception being taken, that the judgment in the previous action did not bar recovery in the current action, such ruling became the law of the case and might properly be regarded as controlling by the trial judge at a subsequent trial of the current action at which nothing was offered bearing on the issue of res judicata beyond what had already been considered in connection with the motions. [79–80]

At a trial where an attorney testified as an expert to his opinion of the fair value of legal services, no harmful error appeared in certain questioning of him on cross-examination with respect to a previous case involving the value of legal services and this court's decision therein. [81–82]

CONTRACT. Writ in the Superior Court dated November 9, 1953.

Following the report of an auditor and denial of certain motions for judgment, the action was tried before Morton, J. There was a verdict for the plaintiffs and the defendant alleged exceptions.

John W. McIntyre, (Maurice M. Lyons with him,) for the defendant.

James C. Roy, (George M. Poland with him,) for the plaintiffs.

WILKINS, C.J.   This action of contract is to recover the fair value of legal services rendered by the three plaintiffs to the defendant in connection with taking over the property and affairs of Massachusetts Steamship Lines, Inc., and starting the operation of the steamship line, provision for which was made in St. 1948, c. 544, and St. 1949, c. 142. The declaration is in two counts for the same cause of action.   The first count alleges simply that the defendant owes the plaintiffs $16,000 and interest for legal services. The second count alleges that the defendant owes the plaintiffs the same amount according to an account annexed. One of the defences is res judicata.[1]

The case was referred to an auditor whose findings of fact were not to be final.   The auditor found that the fair and reasonable value of the services was $37,500, of which three payments aggregating $21,500 had been made, leaving a balance of $16,000 with interest.   He found for the plaintiffs in this sum provided the earlier action by the same plaintiffs against the same defendant (No. 449,898 in the Superior Court, Suffolk County) does not constitute res judicata.   He made alternate findings on that issue.

The auditor's alternate findings were these.   In case No. 449,898 the declaration was in two counts.   The first was for an account stated in the sum of $16,000, it being alleged that the defendant owed the plaintiffs this amount upon an accounting together.   The original debt upon which the accounting together was based arose from the same legal services included in the case at bar.   The second was on an account annexed for legal services and comprised some items which were included in count 1, and which are also included in the case at bar.   At the trial of case No. 449,898 before a judge of the Superior Court the plaintiffs admitted that services relating to a labor contract and services re-

_____

[1] The exact wording of the defendant's answer in this respect is: "And further answering the defendant pleads res judicata inasmuch as the above entitled action was tried before this Honorable Court and the plaintiffs recovered a judgment on February 24, 1953, for the sum of $1,355.06 damages and $261.25 costs of suit for the cause of action mentioned in the plaintiffs' declaration; said action being numbered 449,898 Suffolk Superior Court."

lating to pension agreements "did not properly belong in the same count, as they were services which the plaintiff[s] had included in count 1, and the court disregarded said items in making a finding for the plaintiffs on count 2. These were the only items in count 2 which were included in count 1[1] and also in the present suit. At the outset of the trial counsel for the plaintiffs and counsel for the defendant discussed with the court the fact that there was no count for quantum meruit covering the services on which the account stated in count 1 was based; the defendant's counsel suggested that a count for quantum meruit should be added by amendment, no motion to amend was offered by the plaintiffs, and the court ruled that count 1 of the declaration was an account stated and that the fair value of the services constituting the original debt was not an issue." The judge found for the defendant on count 1, and for the plaintiffs in the sum of $1,348.59 on count 2. Judgment was entered on February 24, 1953. "The sum recovered in no way affects this suit here, as it was finally adjudicated on count 2 for services other than that claimed here. If the suit No. 449,898 on the docket of Suffolk Superior Court is res adjudicata in so far as the present suit is concerned, then I find for the defendant. If the suit No. 449,898 on the docket of Suffolk Superior Court is not res adjudicata, then I find for the plaintiff in the sum of Sixteen Thousand ($16,000) Dollars with interest from May 23, 1949, on which date the defendant received a bill from the plaintiffs to January 14, 1954, in the sum of Four Thousand Four Hundred Twenty-Nine and 66/100 ($4,429.66) Dollars and interest to date of judgment."

The decisive finding in case No. 449,898 as to count 1, as the original papers[2] show, was "that the parties did not in fact find a balance due between them; that there was no express promise by the defendant to pay the sum alleged or

---

[1] These findings were paraphrased from the findings of the judge, as the original papers show.

[2] We have taken judicial notice of these papers. *Commonwealth* v. *DiStasio,* 298 Mass. 562, 567. *Culhane* v. *Foley,* 305 Mass. 542, 543. *Curley* v. *Boston,* 312 Mass. 58, 61. *Gordon* v. *Gordon,* 332 Mass. 210, 213.

any other sum." See *Rizkalla* v. *Abusamra*, 284 Mass. 303, 306–307; *Milliken* v. *Warwick*, 306 Mass. 192, 196–197; *Berwin* v. *Levenson*, 311 Mass. 239, 244–245.

Each party filed an insistence on trial by jury, a reservation of right to introduce further evidence, and a motion for judgment. The defendant's motion, entitled "Motion for judgment on undisputed facts," was based "on the ground that there is no genuine issue of material facts but only questions of law in connection with the defence of res judicata contained in defendant's answer." In support of this motion were filed two affidavits of counsel for the defendant. One was entitled "Affidavit of belief that no genuine issue of material facts exists" and the other "Affidavit of John W. McIntyre Re: issue of res judicata." Both affidavits referred to case No. 449,898. The second recited findings of the judge in case No. 449,898 and of the auditor in the present case on the issue of res judicata. Annexed to the second affidavit were excerpts from the testimony of two of the plaintiffs before the auditor. The plaintiffs filed a counter affidavit of one plaintiff. This contained the auditor's report and an excerpt from the findings of material facts of the judge in case No. 449,898, as follows: "At the outset of the trial the plaintiffs requested a ruling that count 1 of their declaration was an account stated and that the fair value of the services constituting the original debt was not an issue. I so ruled."

The parties stipulated in connection with the defendant's motion that the judge "could consider the record file and papers" in case No. 449,898. The plaintiffs' motion for judgment was argued before the judge at the same time as the defendant's motion. The plaintiffs' motion was that judgment be entered for the plaintiffs by reason of the defendant's two affidavits and the plaintiffs' counter affidavit filed in support of, or in opposition to, the defendant's motion.

On April 23, 1959, the following orders were made: (1) "Upon the defendant's motion for judgment on undisputed facts, the said motion having been presented to the court

and argued by counsel, it is ordered that the motion is denied." (2) "Upon plaintiffs' motion for judgment, the said motion having been presented to the court and argued by counsel, it is ordered that the plaintiffs' motion is denied; that on the plaintiffs' requests for rulings of law, number 4 is granted, and numbers 1, 2, 3, and 5 are denied." The fourth request was: "The judgment in the action George M. Poland, et ali v. New Bedford, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority (Suffolk Superior Court #449,898) does not bar the plaintiffs' recovery in the present case for the fair value of legal services rendered by the plaintiffs to the defendant." No exceptions were taken to the orders or rulings described in this paragraph.

The case then came on for jury trial before another judge. At the outset the plaintiffs made a motion, which was allowed, to expunge from the auditor's report the findings relating to the issue of res judicata. The judge also ruled that the defendant would not be permitted to submit evidence on that issue. To both of these actions of the judge, the defendant excepted.

By referring to the docket we learn that the jury returned a verdict for the plaintiffs in the sum of $26,080, which we understand to be the balance claimed with interest.

The defendant has submitted in its supplementary brief many authorities on splitting a cause of action or dealing with the merits of the question when an earlier ruling may be res judicata of a later one. These are beside the point. The judge who decided the motions for judgment was entitled to think that this whole issue was submitted to him for a definitive disposition. He ruled that the defence of res judicata based upon case No. 449,898 set up in the answer and discussed in the auditor's report was not well founded. The defendant has not saved any rights as to that ruling. The defendant argues that it had no appeal upon the denial of the plaintiffs' motion, since the ruling was in its favor, and cites G. L. (Ter. Ed.) c. 231, § 96. But this contention overlooks the fact that the denial of its

motion for judgment was not in its favor. Unless somehow the ruling on the fourth request, which was adverse to the defendant, has no application to the defendant's motion, the defendant, who then took no exception, was in no position to raise the question anew before the judge at the jury trial. But it must be remembered that the plaintiffs' motion was based upon documents filed in relation to the defendant's motion. As we read the record, the two motions were heard together upon the one subject matter common to both, namely res judicata. This defence involves the strict principles applicable to the law of pleading. The defendant, which had set up that defence, has encountered a ruling to the effect that its attempted defence is invalid. This ruling had been allowed to become the law of the case. *Blackburn* v. *Boston & No. St. Ry.* 201 Mass. 186, 189. *Phillips* v. *Director Gen. of Railroads,* 251 Mass. 263, 268. *Peterson* v. *Hopson,* 306 Mass. 597, 599–600. See *Gleason* v. *Hardware Mut. Cas. Co.* 331 Mass. 703, 709–710; Lummus, The "Law of the Case" in Massachusetts, 9 B. U. L. Rev. 225. No exceptions to rulings of the judge at the jury trial can serve to take the place of exceptions which were not taken to the rulings of the judge who decided the motions for judgment.

The judge at the jury trial committed no error in not disregarding the previous rulings: (1) that of the judge in case No. 449, 898 that the fair value of the services was not in issue; and (2) that of the judge on the motions for judgment that the judgment in case No. 449,898 does not bar the present action for the fair value of the services. *Barringer* v. *Northridge,* 266 Mass. 315, 320. *Second Natl. Bank* v. *Leary,* 284 Mass. 321, 324.

The defendant raises two questions of evidence. One is that the judge at the jury trial could not exclude evidence on the issue of res judicata, because the defendant had reserved the right to introduce at the jury trial the same evidence as before the auditor and such additional evidence as it saw fit. The effect of seeking another hearing on the same evidence is covered by what we have said. It does

not appear that the defendant desired to introduce additional evidence. No suggestion is made as to what such evidence could have been. In the offer of proof made by the defendant in support of this exception, nothing is shown which was not substantially embraced in the original papers in case No. 449,898, the auditor's report, and the three affidavits. If there was any new evidence, the defendant owed the trial judge the duty of pointing it out most explicitly. This exception must be overruled.

The other question of evidence has to do with the cross-examination of a member of the bar, who had been called as an expert witness by the defendant and who had testified on direct examination that in his opinion $20,000 was the fair value of the plaintiffs' services. In cross-examination the witness testified that he did not know the facts in *Cummings* v. *National Shawmut Bank,* 284 Mass. 563. The plaintiffs' counsel undertook to state those facts, and asked the witness what he thought the legal services in that case were worth. The witness answered, "Your question, as I understand it, if a lawyer worked fifteen hours in drawing a writ, making an attachment which resulted in the sequestration, if you want to put, $160,000, preservation of it, and this was done in 1932, I think the job would be worth probably $500." He was then asked, "Would you be surprised to know that you are just ten times cheaper than what the Supreme Court enunciated as being a fair and reasonable charge in that case?" The witness answered, "I don't think the Supreme Court made any such enunciation in that case or in any other case." Q. "You don't?" A. "No." Q. "Well, let me read this: Case tried in front of Judge Hanify—you remember him, don't you?" A. "Yes, indeed." Q. "One of the ablest members of the bench, that is right, isn't it?" A. "That is right." Q. "And he awarded for those services the sum of $5,300 to the plaintiff; and the Supreme Court upheld that award. . . . Now, do you know what I meant?" A. "I still say the Supreme Court made no such award as your question suggests."

No harmful error appears.   The opinion in the *Cummings* case, at page 569, states, ''In view of the entire evidence we are unable to reach the conclusion as contended by the defendant that the finding of the trial judge was excessive or unreasonable as matter of law.''   If one of the questions in the present case went beyond what this court ''enunciated'' in the *Cummings* decision, the witness was not led into overstating the scope of that decision.

<div align="right">

*Exceptions overruled.*