WILLIS M. MILLER *vs.* THOMAS B. NORTON.

Middlesex. November 9, 1967. — December 8, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Res Judicata. Judgment. Collateral Estoppel. Practice, Civil,* New trial, Consolidation of cases, Entry of judgment.

Even if an order for consolidation of cross actions was intended to "fuse" them into a single action, a subsequent order for judgment entered in one of the actions, in which there had been no insistence on a jury trial following the report of an auditor, again separated that action from the other, in which there had been such an insistence. [398]

Where it appeared that in an action by M against N and a cross action,
both arising from an automobile accident, an auditor found that M
was in the exercise of due care and N negligent and found for M in
both actions, that, in the absence of an insistence on a jury trial by N
in the cross action, that action went to judgment for M after the close
of the evidence and shortly before the return of verdicts for N at a
jury trial in the principal action insisted on by N, and that there-
after, in the principal action, motions by M for a new trial and for
judgment nunc pro tunc were denied, it was held that the deter-
minations by the auditor as to the due care and negligence of the
parties became binding on them and established liability of N to M
in the principal action when the judgment was entered in the cross
action, that a new trial of the principal action should be granted but
limited to the issue of damages, as to which N was entitled to a jury
trial, and that M's motion for judgment prior to a jury's determina-
tion of damages was premature and was properly denied. [398–399,
400–401]

TORT. Writ in the Superior Court dated September
23, 1961.

The action was tried before *Faraci*, J., a District Court
judge sitting under statutory authority. A motion by the
plaintiff for judgment nunc pro tunc was heard by
*Moynihan*, J.

*Irene E. Goldbarg* for the plaintiff.

*Leo M. Lazo* for the defendant.

CUTTER, J. Miller brought this action (the principal ac-
tion) in the Superior Court to recover for personal injuries
and property damage arising from an automobile accident.
Norton answered by a general denial and alleged contribu-
tory negligence. Norton also brought a cross action against
Miller in a District Court to recover for property damage
arising from the same accident. Miller's answer in the
cross action was a general denial and an allegation of con-
tributory negligence.

On Miller's motion the cross action was transferred on
November 29, 1961, to the Superior Court.[1] A Superior
Court judge on November 15, 1962, referred both the prin-
cipal action and the cross action to an auditor whose find-

[1] At the trial before a jury of the principal action, proof was offered (and
a certified copy of the motion and order was marked for identification) that
also on November 29, 1961, the two cases were consolidated. See G. L.
c. 223, §§ 2A and 2B, as amended.

ings were not to be final. The auditor found for Miller in the cross action and for Miller in the principal action in the sum of $3,500 on count 1 (personal injuries), and $100 on count 2 (property damage). He also, after somewhat vague subsidiary findings, found expressly that Miller was in the exercise of due care and that Norton was negligent.

Norton, in the principal action, filed his insistence upon jury trial but did not do so in the cross action. On April 3, 1963, judgment for Miller was ordered in the cross action "upon the [a]uditor's [r]eport alone." Norton did not claim any exception. No effort to obtain modification or review of the order for judgment in the cross action was made by Norton within twenty days after the order for judgment.

The principal action was tried before a jury. Norton testified at the trial that he was the same person who, as plaintiff, had brought the cross action against Miller. The dockets and pleadings show that Miller was represented by the same attorney in both actions, but that Norton was represented by one attorney in the cross action and by different attorneys in the principal action.

The trial judge, subject to Miller's exceptions, denied Miller's motion for judgment in the principal action on the auditor's report and refused to admit in evidence the motion and order of November 29, 1961, for consolidation of the two cases and the order of April 3, 1963, for judgment for Miller in the cross action. The two documents were marked for identification. The jury returned sealed verdicts for Norton in the principal action shortly after court convened at 10 A.M. on April 29, 1963. The cross action had gone to judgment on that day at 10 A.M.[2]

Miller thereafter filed a written motion for a new trial of the principal action on the ground of newly discovered evidence in that there would be inconsistent judgments on the docket. This motion the trial judge denied.

In June, 1963, in the principal action, Miller presented

---

[2] The record does not show that the trial judge, upon the return of the verdict in the principal action, did anything (e.g. setting aside the verdict and ordering the jury to consider the issue of damages) to deal with the inconsistency caused by the judgment in the cross action.

to another judge a motion for judgment for him nunc pro tunc on the ground that the issues of Norton's negligence, Miller's alleged contributory negligence, Miller's due care, and Norton's lack of it had been raised and finally determined in the cross action, which had gone to judgment prior to the return of the verdict in the principal action. This motion was denied, subject to Miller's exception, on June 14, 1963.

Miller is before us on two bills of exceptions, one allowed by the judge who denied the motion for judgment nunc pro tunc; the other allowed by the trial judge, who denied Miller's motions for judgment on the auditor's report and for a new trial. Both bills present for decision the question whether, on principles of collateral estoppel, judgment for Norton in the principal action is now barred by the determination of the same issues of fact in the cross action. See Restatement: Judgments, § 68, comment c.[3]

1. The consolidation order of November 29, 1961, was that "these cross actions be removed to the . . . Superior Court and there be consolidated for trial." It may be that the ambiguous consolidation order meant no more than that the two cases were to be tried together. Even, however, if the intention was to "fuse the . . . proceedings into a single one" in which the "original actions [would] lose . . . identity" (see *Lumiansky* v. *Tessier*, 213 Mass. 182, 189),[4] we interpret the action of the judge on April 3, 1963, in ordering judgment for Miller in the cross action, as again separating the cases.

2. We interpret the auditor's report as determining, both for the purposes of the principal action and for those of the

[3] Comment c reads in part, ". . . [W]here there is a collision between two motor vehicles, and the driver of one . . . brings an action against the other . . ., and an issue is raised as to the negligence of the defendant or the contributory negligence of the plaintiff and a verdict is given for one of the parties and judgment is entered thereon, the judgment is conclusive in a subsequent action brought by the defendant in the first action against the plaintiff to recover damages suffered by him in the collision, if the same issue of negligence or contributory negligence is raised in that action." See Restatement: Judgments, § 43.

[4] For cases dealing with consolidation of cases, see *Coastal Transit Co.* v. *Springfield Bus Terminal, Inc.* 302 Mass. 513, 515 (cases not fused); *H. E. Fletcher Co.* v. *Commonwealth*, 350 Mass. 316, 317.

cross action, (1) that the accident was not caused by the negligence of Miller and (2) that it was caused by Norton's negligence. Those determinations became binding on the parties, when judgment was entered in the cross action and that case was no longer subject to ordinary appellate review. See *Biggio* v. *Magee*, 272 Mass. 185, 187–188; *Willett* v. *Webster*, 337 Mass. 98, 102–103; *Nantucket Exp. Lines, Inc.* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 350 Mass. 173, 175–176.[5] See also *Dearden* v. *Hey*, 304 Mass. 659, 661–664. Cf. *Petruzziello* v. *Borselli*, 321 Mass. 749.

At the trial of the principal action, as noted above, Miller offered in evidence not only a certified copy of the motion and order for consolidation (fn. 1) of that case with the cross action, but also a certified copy of the order for judgment in the cross action. At that time, we assume, they need not have been received. Judgment had not yet been entered in the cross action.[6] There was thus then no basis for a contention that Norton was bound by collateral estoppel on the issues of negligence and contributory negligence.

At the hearing on the motion for a new trial of the principal action, these documents had become relevant and the trial judge reasonably should have taken cognizance of the fact that judgment had been entered for Miller in the cross action on the basis of the earlier order for judgment. A judge may regard himself as having knowledge of the entries upon the dockets of the court in which he sits, and also of the papers there recorded, at least where certified copies of those papers are before him. See *Assessors of Lawrence* v. *Arlington Mills*, 320 Mass. 272, 273–274; *Gordon* v. *Gordon*, 332 Mass. 210, 213; *Poland* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 342 Mass. 75,

---

[5] Doubtless, even after judgment had been entered in the cross action, seasonable efforts to have that judgment vacated or reviewed could have been undertaken. See G. L. c. 250, §§ 15–33. No such effort is disclosed by the record.

[6] The motion for judgment on the auditor's report could not then have been granted in the principal action for the same reason, as well as because the issue of damages was still open as noted below.

77, fn. 2. The circumstances relating to the judgment in the cross action were also before the judge who heard the motion for judgment nunc pro tunc. Each judge, in deciding any issue properly before him, should have recognized that the judgment in the cross action then established Norton's liability to Miller in the principal action.

3. The motion for judgment nunc pro tunc in the principal action was properly denied. Although, on principles of collateral estoppel, the issue of Norton's liability was established by the judgment in the cross action, the issue of damages was not so established. Accordingly, a motion for judgment for Miller was premature. Norton was entitled to a jury trial on that issue, despite the auditor's report.

4. The entry of judgment in the cross action took place only a few minutes before the sealed verdicts were returned in the principal action. It was thus, in a sense, newly discovered evidence, for it could not have been introduced prior to the close of the evidence in the principal case.

We recognize that a new trial is addressed to the sound discretion of the trial judge, and that, in somewhat comparable circumstances, it was held in *Waltham Bleachery & Dye Works* v. *Clark-Rice Corp.* (second case) 274 Mass. 488, 490–493, there could be discretionary refusal "to allow amendment . . . [of an answer] to enable a defendant at a late stage to set up the defence of *res judicata* coming into existence since the trial." In that case, one of two cross actions tried together had "gone to judgment and . . . [had become] available as the basis of *res judicata*, while the" other action remained pending because exceptions had been sustained by this court. This court took the view (p. 493) that, if the defence of res judicata were to be allowed because of the judgment in one case, "it would have been futile to have sustained the exceptions" in the other. In the present case, to enforce the collateral estoppel of Norton by the judgment in the cross action, of course, will render futile the jury trial in the principal action and Norton's insistence upon it. Such enforcement also will give

effect to a judgment which may have been entered largely because of the failure of Norton's attorneys in the principal action to appreciate the significance of what was being done by Norton's attorney in the cross action. Nevertheless, it was open to Norton or his attorneys to oppose entry of judgment in the cross action. No steps to do so appear to have been taken.

In the circumstances, because of the weight which should be given to the prior judgment, we conclude that the trial judge acted beyond a sound discretion in denying a new trial.[7] This, of course, should be limited to the issue of damages, thus giving effect to the determination of the issues affecting liability settled by the judgment in the cross action.

5. The exception to the denial of the motion for a new trial of the principal action is sustained, and a new trial is to be granted, confined to the issue of damages. All other exceptions are overruled.

*So ordered.*

---

[7] See *McDade* v. *Moynihan,* 330 Mass. 437, 444–445. See also *Long* v. *MacDougall,* 273 Mass. 386, 388; *Browne* v. *Moran,* 300 Mass. 107, 110–112; *Posternack* v. *American Cas. Co. of Reading,* 421 Pa. 21, 24–26; 30A Am. Jur., Judgments, § 445. Cf. *Bordonaro* v. *Vandenkerckhaven,* 322 Mass. 278, 281–282.