BARCLAY W. DWIGHT & others *vs.* WILLIAM DWIGHT
& others.

Hampden.     October 6, 1976. — December 7, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Res Judicata.   Judgment.   Fiduciary.*

A trust beneficiary whose interests had been represented by a guardian
   ad litem in prior litigation respecting a certain claim was barred
   from prosecuting a subsequent action on the same claim. [427]
In a suit by trust beneficiaries alleging that the defendant had fraudu-
   lently induced the sale of securities held in trust for them, where
   the plaintiffs were not parties in prior litigation on the same claim
   but their interests in the claims were identical with the interests of
   other beneficiaries in the same trust who had been represented by
   a guardian ad litem in the prior proceeding, the plaintiffs were
   bound by res judicata as though they had been parties. [427-430]

CIVIL ACTION commenced in the Probate Court for the
county of Hampden on December 13, 1974.

The case was heard by *Smith*, J., on a motion to dismiss.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Philip O'Brien, Jr.*, for the plaintiffs.

*Clark S. Lyon  (Raymond R. Randall* with him) for the
defendants.

BRAUCHER, J.    The plaintiffs allege that the defendant
William Dwight fraudulently induced the sale of securities
held in trust for them and seek rescission or damages. We
hold that the claim was extinguished and merged in the
final decree entered after the decision in *O'Brien* v. *Dwight*,
363 Mass. 256 (1973). See Restatement (Second) of Judg-
ments §§ 45 (a), 47 (a)  (Tent. Draft No. 1, 1973). That
case, prosecuted by a guardian ad litem for other bene-

ficiaries of the same trust, resulted in a final decree ordering the defendant William Dwight and others to restore to the trust the property belonging to the trust. We hold that the present plaintiffs were in effect represented by the guardian ad litem in the prior case and that they are bound by the final decree. See Restatement (Second) of Judgments § 85 (1) (a) (Tent. Draft No. 2, 1975). We further hold that the transaction here under attack was part of the series of connected transactions out of which the prior case arose, and that the rights of the plaintiffs were included in the claim extinguished by the final decree. See Restatement (Second) of Judgments § 61 (Tent. Draft No. 1, 1973). We therefore affirm the judgment of the Probate Court dismissing the present action under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).

We summarize briefly the allegations of the amended complaint. In October, 1957, Henry Dwight was the beneficial owner of 133 shares of stock in Holyoke Transcript, Inc., held by the Holyoke National Bank (trustee) as trustee under the will of Henry Dwight's father. The defendant William Dwight, Henry Dwight's half brother, made false and fraudulent representations to Henry Dwight and to a vice-president of the trustee. Relying on those representations, Henry Dwight consented to the sale of the stock and the vice-president recommended the sale, and the stock was sold to the Holyoke Transcript, Inc., and another corporation, both subject to the control of William Dwight. Henry Dwight died in 1972, and the plaintiffs, his sons, are his only heirs; one is his administrator. They demand either rescission of the sale or the payment of damages by William Dwight.

The defendants moved to dismiss the amended complaint on six grounds: failure to state a claim on which relief can be granted, the statute of limitations, laches, lack of standing of the plaintiffs to represent the trustee, failure to join the trustee as a party, and previous adjudication in *O'Brien* v. *Dwight, supra.* The judge allowed the motion without specifying any ground, the plaintiffs appealed, and we brought the case here on our own motion.

In the view we take, we need consider only the last ground mentioned, that of former adjudication. We take judicial notice of our own records. *Miller* v. *Norton,* 353 Mass. 395, 399 (1967). *Poland* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authority,* 342 Mass. 75, 77 n.2 (1961).

The history of the litigation is stated in *O'Brien* v. *Dwight, supra.* Henry Dwight's father died in 1930, named his second wife, Henry Dwight's stepmother, as executrix, and left his property to her for life. On her death the shares in Holyoke Transcript, Inc., were to be distributed so as to give more than half to William Dwight and approximately one-sixth to each of his two sisters. The remaining one-sixth was to be held in trust for the benefit of Henry Dwight during his life, and on his death any residue was to be paid to his heirs or legal representatives.

In 1934 the wife, Henry Dwight's stepmother, her brother and her son William Dwight formed a new corporation controlled by her. The new corporation took over the newspaper business of Holyoke Transcript, Inc., leaving the latter as a real estate holding and property leasing corporation for the plant and presses. By gifts during her lifetime and on her death, in 1957, the shares in the new corporation passed to her children but not to Henry Dwight. Soon after her death the trustee received 132 shares of Holyoke Transcript, Inc., from William Dwight as his father's administrator. Later in 1957 the trustee made the sale now under attack, and received more than $100,000 in return for the 132 shares.

The trustee filed its first account in 1958, and a guardian ad litem was appointed early in 1959 for two grandchildren of Henry Dwight and for unborn and unascertained beneficiaries of the trust. The guardian ad litem, who now appears as counsel for the plaintiffs, filed an objection and prosecuted the earlier case to a conclusion. In our former decision we ruled that decrees allowing accounts of William Dwight and his mother might be reopened for "fraud in law," and that the trust was entitled to one-sixth of the ownership of the corporation to which the newspaper

business was transferred and to a like share in dividends declared by that corporation. We also reviewed the liability of the trustee and disapproved, as not warranted by the subsidiary findings, the master's general findings that the trustee was negligent in failing to object to accounts of William Dwight and his mother, in failing to take steps to recover assets of the trust, and in selling the stock in Holyoke Transcript, Inc. The final decree entered after our rescript carried out those holdings.

1. *Merger.* We begin with the principle of merger: "When a valid and final personal judgment is rendered in favor of the plaintiff: (a) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, ...." Restatement (Second) of Judgments § 47 (a) (Tent. Draft No. 1, 1973). *Dearden* v. *Hey,* 304 Mass. 659, 660 (1939). In this Commonwealth the doctrine of merger is fully established and has been extended very far. *Moore* v. *Municipal Court of the City of Boston,* 291 Mass. 504, 505 (1935). A trust beneficiary represented by the guardian ad litem in the prior litigation cannot now prosecute a second action on the same claim, even though he is prepared to "present evidence or grounds or theories of the case not presented in the first action," or to "seek remedies or forms of relief not demanded in the first action." Restatement (Second) of Judgments § 61.1 (Tent. Draft No. 1, 1973). Cf. *Fassas* v. *First Bank & Trust Co.,* 353 Mass. 628, 629-630 (1968).

2. *Representation of the plaintiffs.* The plaintiffs were not parties to the prior litigation. But their interests in the claims of the trust against third persons were identical with the interests of the other beneficiaries of the same trust, who were represented by the guardian ad litem. The guardian ad litem claimed that the trustee had improperly refused to bring an action against third parties who had committed torts with respect to the trust property, and that his wards as beneficiaries of the trust could join the third parties with the trustee, avoiding the necessity of two suits. He cited *Locke* v. *Old Colony Trust Co.,* 289 Mass. 245 (1935); 4 A. Scott, Trusts § 282.1 (3d ed. 1967);

Restatement (Second) of Trusts § 282 (2) and comment e (1959). Cf. *Aetna Cas. & Sur. Co.* v. *Hill,* 359 Mass. 628, 632-633 (1971). It is true, as the plaintiffs now assert, that the defendants in the prior case persistently denied the standing of the guardian ad litem to litigate such claims. But the guardian ad litem prevailed.

We think it is clear that the guardian ad litem in the prior case had standing to assert any claims the trustee could have asserted against the defendants in that case for wrongs against the trust. So far as he sought to compel those defendants to make restitution of property belonging to the trust, he necessarily represented the trustee and all the beneficiaries of the trust. The beneficiaries so represented are bound by the rules of res judicata as though they had been parties. Restatement (Second) of Judgments § 85 (1) (a), (c) (Tent. Draft No. 2, 1975). The grandchildren represented by the guardian ad litem in the prior case could not now claim additional damages on account of the wrongs there litigated. We think the other beneficiaries of the same trust, at least to the extent that their interests were the same, are similarly bound. It makes no difference that, by the time the final decree was entered in the prior case, it had become clear that the plaintiffs were the only remaining beneficiaries of the trust, to the exclusion of the beneficiaries represented by the guardian ad litem. There is no suggestion that Henry Dwight and his sons did not know of the prior case. See Restatement (Second) of Judgments § 86 (1) (a) (Tent. Draft No. 2, 1975).

3. *Scope of the "claim."* The most difficult question in the present case is whether the plaintiffs' claim is part of the claim extinguished by the prior final decree. It may be helpful in resolving this question to consider a hypothetical case. Suppose that the prior case had been prosecuted by the trustee, and that the trustee had recovered the property that was ordered restored to the trust. Would we now permit the trustee to maintain the present action?

The present action seeks relief that was not in fact sought in the prior litigation, relief based in part on facts

not asserted in the prior litigation. Cf. *Sandler* v. *Silk,* 292 Mass. 493, 498-500 (1935). The guardian ad litem did not seek to rescind the trustee's sale of stock, nor did he seek damages from William Dwight for inducing the sale. He did not assert, as the plaintiffs now do, that Henry Dwight agreed to the sale in reliance on false representations by William Dwight. The master who heard the evidence in the prior litigation ruled that the assent of Henry Dwight could not affect the rights of his descendants, represented by the guardian ad litem.

On the other hand, the trustee's sale took place in 1957, before the guardian ad litem was appointed, and it was closely connected to the transactions which were the principal subject of the prior litigation. The guardian ad litem questioned whether the trustee complied with its duty by failing to ascertain whether a better price for the stock might have been obtained from other sources than from Holyoke Transcript, Inc. The misrepresentations now alleged relate primarily to William Dwight's failure to disclose the transfer of the newspaper business to a separate corporation. That failure was fully litigated in the prior case, and was remedied in the final decree.

We have little difficulty in deciding that the present claim for rescission of the sale of stock by the trustee was extinguished by the final decree in the prior case. That sale was the last in a "series of connected transactions" out of which the prior case arose. See Restatement (Second) of Judgments § 61 (1) (Tent. Draft No. 1, 1973). The representations of William Dwight leading to the sale were in evidence, and his failure to disclose the transfer of the newspaper business was an important part of the justification for the final decree. See Developments in the Law — Res Judicata, 65 Harv. L. Rev. 818, 824-831 (1952). Our conclusion on this point is reinforced by the lapse of seventeen years between the sale and the filing of the present complaint. Cf. *Willett* v. *Webster,* 337 Mass. 98, 103-104 (1958).

The plaintiffs' claim for damages stands on much the same footing. It is clear that they may not now claim dam-

ages for any injury flowing from the 1934 transfer of the newspaper business, since the final decree in the prior case dealt fully with that subject. So far as there were additional damages flowing from the sale of stock in 1957, those damages could have been claimed in the prior case. In the face of the record in the prior case, we do not think it can be said that the defendant William Dwight acquiesced in the splitting of the claim, that the court in the prior case expressly reserved the plaintiffs' right to maintain a second action, or that the failure to assert the present claim .in the prior case was caused by fraud, concealment, or misrepresentation. See Restatement (Second) of Judgments § 61.2 (1) (a), (b), (g) (Tent. Draft No. 1, 1973). Contrast *Bliss* v. *New York Cent. & H.R.R.R.*, 160 Mass. 447, 455-456 (1894).

*Judgment affirmed.*