Brady, J.
The subject of this and the companion action is a pair of contracts between General Fire Protection, Inc. (General Fire”) and Donald A-. Levine (“Levine”) as Trustee of both Two Concord Realty Trust (“Concord Trust”) and Eighty South Realty Trust (“Eighty Trust”). General Fire contracted to install sprinkler systems in buildings owned by the defendants in their capacities as beneficiaries of Concord Trust and Eighty Trust. A dispute arose, and General Fire arbitrated the dispute before the American Arbitration Association (“AAA”) against Levine individually and as Trustee of both Concord Trust and Eighty Trust. General Fire obtained an award which the Superior Court confirmed. Unable to collect from Levine, General Fire filed this action seeking payment from defendants.
Various defendants have moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), on the grounds that the doctrines of election of remedies and res judicata operate to bar General Fire’s action. General Fire has moved for summary judgment, claiming that election of remedies does not apply and that res judicata serves instead to authorize summary judgment in favor of General Fire.
Because defendants’ motions require the Court to consider materials outside of the pleadings, this Court will treat defendants’ motions to dismiss as motions for summary judgment pursuant to Mass.R.Civ.P. 56. Generally, notice of a conversion from a motion to dismiss to a summary judgment motion must be given. McDonald v. Belotti, 29 Mass.App.Ct. 988, 990 (1990). However, where as here the parties submit extra-pleading material, the parties are considered to have constructive notice of the conversion. Stop & Shop Companies, Inc. v. Fisher, 387 Mass. 889, 892 (1983). For the reasons set forth below, defendants’ motions for summary judgment are denied, while plaintiffs motion for summary judgment is allowed.
*135 BACKGROUND
The undisputed material facts as established by the pleadings, affidavits, and deposition transcripts are as follows:
On August 28, 1989, Levine as Trustee of Concord Trust and Eighty Trust entered into a pair of contracts with General Fire, pursuant to which General Fire agreed to install sprinkler systems in buildings owned by defendants in their capacities as beneficiaries of Concord Trust and Eighty Trust. At the time the parties entered into the contracts, General Fire was aware that Levine was acting as an agent for one or more trusts, but was unaware of the identities of the beneficiaries.
Before General Fire completed the installation of the systems, a dispute over payment arose. General Fire arbitrated the dispute in front of AAA against Levine individually and as Trustee of Concord Trust in the amount of $64,109.00 plus interest, and against Levine individually and as Trustee of Eighty Trust in the amount of $57,336.00 plus interest. On September 10, 1991 the Superior Court (Cratsley, J.) confirmed the award. The Appeals Court dismissed Levine’s appeal. General Fire has been unable to collect the judgment from Levine, and filed this action seeking payment from defendants.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved," summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Defendant first urge that the doctrine of election of remedies applies to this action. That doctrine is one which prevents a plaintiff who has contracted with an agent representing an undisclosed principal from first obtaining a judgment against that agent and then later attempting to hold the principal liable on the contract.
Under the doctrine, the distinctions between disclosed, partially disclosed and undisclosed principals are critical and are as follows:
(1) If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal’s identity, the principal is a disclosed principal.
(2) If the other party has notice that the agent is or may be acting for a principal but has no notice of the principal’s identity, the principal for whom the agent is acting is a partially disclosed principal.
(3)If the other party has no notice that the agent is acting for a principal, the one for whom he acts is an undisclosed principal.
Restatement (Second) of Agency §4 (1958). Here, at the time General Fire contracted with agent Levine, General Fire knew that Levine was acting on behalf of one or more trusts but did not know the identities of the beneficiaries. Applying the definitions above, itis clear that at the time of the contract, Levine was acting as agent for a partially disclosed principal.
Accordingly, the doctrine of election of remedies is inapplicable here, as that doctrine only applies to situations in which the principal is undisclosed. It does not apply where, as here, the principal is partially disclosed. Restatement (Second) of Agency §184, comment a (1958) (“There is no room for a doctrine of election in the case of the disclosed or partially disclosed principal.”) Furthermore, the defendants are unable to cite a Massachusetts case in which the doctrine has been applied to a situation involving a partially disclosed principal. Because the doctrine is inapplicable here, General Fire is not prevented from pursuing a judgment against the partially disclosed principals, notwithstanding its prior judgment against Levine.
Defendants next argue that res judicata bars General Fire’s action. In order for that doctrine to be successfully invoked by a party, the following factors must be present: identity or privity of parties to the original and subsequent actions; the same causes of action; and a final judgment on the merits in the original action. Chestnut Hill Development Corp. v. Otis Elevator Co., 739 F.Supp. 692, 696 (D.Mass. 1990).
It is undisputed that the causes of action raised here are the same causes of action raised against Levine in the previous suit. It is also undisputed that the previous action against Levine reached a final judgment on the merits, as the arbitrator’s award was confirmed by the Superior Court. Finally, it is undisputed that the third factor, identity or privity of parties, is satisfied, as the present defendants acknowledge that they are “certainly in privity with” previous defendant Levine. [Defendants Mark Levine et al’s Memo, in Supp. of Motion to Dismiss, p.5.] The existence of those factors, defendants insist, mandates the dismissal of General Fire’s complaint here.
However, not only is a dismissal for the defendants not warranted on those facts, but plaintiff s motion for summary judgment is authorized. Where a person who is not a party to an action expressly or impliedly gives a party authority to represent him, the represented party may be bound by the rules of res judicata. General Foods v. Mass. Dept. of Public Health, 648 F.2d 784, 787 (1st Cir. 1981). A person is represented by a party who is, for example, the trustee of an estate or interest of which the person is a beneficiary. Restatement (Second) of Judgments §4(1) (a) (1982). Where *136 such beneficiary is represented in an action, the beneficiary is bound by res judicata as though he had been a party. Dwight v. Dwight, 371 Mass. 424, 428 (1976).
Here, judgment was entered against Levine as Trustee of Concord Trust and Eighty Trust, of which defendants are the beneficiaries. Consequently the defendants here are bound by the previous judgment against the Trustee Levine. Plaintiff General Fire is, therefore, entitled to summary judgment as a matter of law, and can look to defendants to satisfy the outstanding judgment against Levine.
ORDER
Based on the foregoing, it is ORDERED that defendants’ motions for summary judgment are DENIED; plaintiffs motion for summary judgment is ALLOWED.